URBANA CIVIC ASSOCIATION, INC. ET AL. *v.*
URBANA MOBILE VILLAGE, INC.

[No. 175, September Term, 1970.]

*Decided January 18, 1971.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*Herbert D. Morrison* for appellants.

*Charles U. Price* for appellee.

DIGGES, J., delivered the opinion of the Court.

The appellee, Urbana Mobile Village, Inc., sought to obtain from the Frederick County Planning Commission approval of a subdivison plat for a mobile home park near Urbana, Maryland. When the planning commission failed to act because of a tie vote (two commissioners voting for approval, two against and one abstaining) Urbana Mobile Village appealed to the county commissioners, who became similarly deadlocked in a tie vote (one for, one against and one abstaining). The developer sought relief from this failure to make a decision by appealing to the Circuit Court for Frederick County (Moorman, J.) where the case was remanded to the county commissioners for findings of fact. Upon its return to court the county commissioners' "decision" was reversed and the matter was remanded to the planning commission for the ministerial approval of the plat on the grounds that it complied with all of the mobile home park requirements in § 40-21 b through s of the 1967 Frederick

County Zoning Regulations as amended in 1969. The Urbana Civic Association and others have appealed to this Court from that ruling. We have determined, on our own motion, that not only must the appellants' case be dismissed for lack of jurisdiction in this Court, Maryland Rule 835 a 2 and b 1, but the appellee's initial appeal to the circuit court must also be dismissed for lack of jurisdiction in that court. *See Barnett v. Charles County,* 206 Md. 478, 485, 112 A. 2d 492 (1955).

The review sought to be obtained in this case was based on the procedure outlined in Art. III, § 41-13 of the Frederick County Subdivision Regulations, which provides that:

"Any person, firm or corporation may appeal to the Board of County Commissioners from action of the Planning Commission in refusing to approve any plat or plan submitted under the provisions of this Ordinance within a period of thirty (30) days after rejection by the Planning Commission. The Board of County Commissioners, after hearing evidence on behalf of the owner and Planning Commission shall determine whether or not the Planning Commission's decision shall be sustained. Appeal from the action of the Board of County Commissioners may be presented to the Circuit Court of Frederick County in conformance with the procedures of said Court, within thirty (30) days after such action by the County Commissioners."

Significantly, this regulation does not mention a right of appeal to this Court. Of equal significance, the planning and subdivision control sections contained in Art. 66B of the Code (1957, 1970 Repl. Vol.) do not provide for a right of appeal to any court, although such a right has been explicitly included in the zoning provisions of 66B.[1]

---

1. Compare §§ 3.01-.09 and §§ 5.01-.07 on the first point with §§ 2.09 (e), 4.08 (e) and 8.14 on the second point. All code references are to the renumbered sections of Art. 66B, even though the revisions of that article in Ch. 672 of the Laws of 1970 did not become effective until January 1, 1971.

Without specific authorization we cannot entertain an appeal in this case. Our predecessors said in *Sugar v. North Balto. M. E. Church,* 164 Md. 487, 499, 165 A. 703 (1933) :

> "As the ordinance may only enact what the statute has authorized the municipality to do, the provision in the Zoning Ordinance for an appeal from the judgment of the Baltimore City Court is invalid. The proceedings on appeal in the Baltimore City Court were not within the ordinary common-law jurisdiction of that court, but in the exercise of a special authority under a statute which granted no further appeal.
>
> "It is well settled that in such case, no appeal to this tribunal lies. The rule is that where an inferior court exercises a special limited jurisdiction which is conferred by statute, no appeal from its decision in such cases lies to this court unless expressly given by the statute." (Extensive list of citations omitted.)

*See also Bd. of Med. Examiners v. Steward,* 203 Md. 574, 580-81, 102 A. 2d 248 (1954) and Rule B1 a. In the absence of an express grant of appellate jurisdiction we cannot review the decision of the circuit court in this special statutory proceeding except on jurisdictional grounds. *Bd. of Med. Examiners v. Steward, supra.* Such is the situation here.

Section 41-13 of the Frederick County Subdivision Regulations does in fact provide for an appeal to the circuit court, but no authority for this appears in the enabling acts for subdivision control or the creation of a planning commission, §§ 3.01-.09 and 5.01-.07 of Art. 66B. If we consult alternative enabling legislation for the control of trailer parks by county commissioners, Art. 25, § 2, (1966 Repl. Vol.) we also fail to find a direct right of review by appeal to any court. Again, the zoning sections of 66B specifically provide for direct appellate review by the circuit court from the decisions of the board of zoning ap-

peals, § 2.09 (a), or the board of appeals, § 4.08 (a), but a provision for such judicial review is conspicuously absent from the planning and subdivision control sections. These appeals were attempted under what we determine are the ineffective judicial review provisions of § 41-13 of the Frederick County Subdivision Regulations.

It is difficult to establish conclusively a negative proposition, but by a process of elimination we remain uninstructed as to the authority by which the Frederick County Commissioners could have passed an ordinance conferring jurisdiction on the circuit court.

Frederick County is neither a charter nor a code county provided with home rule under Arts. XI-A or XI-E of the Maryland Constitution (contained in Code (1957, 1963 Repl. Vol. and 1970 Cum. Supp.)). With home rule it could have created a county board of appeals capable of reviewing the planning commission's disapproval of the subdivision plat in question here. In this event, Art. 25A, § 5 (u) (1966 Repl. Vol.) and Art. 25B, § 13 (1970 Cum. Supp.) would have permitted appellate review first in the circuit court and then in the Court of Appeals. Simply acting as county commissioners under Art. VII, § 1 of the Constitution, however, these officials only had as much power as prescribed by law. *Cox v. Anne Arundel County,* 181 Md. 428, 433-34, 31 A. 2d 179 (1943). Although the language set forth in Art. 5, § 27 appears to give a right of appeal in the circuit court from any decision of the county commissioners, the review provided for in that statute has been limited to cases involving the opening and closing of roads. *Ertter v. North Washington Cem.,* 200 Md. 251, 88 A. 2d 578 (1952). Nor are these actions reviewable under the Administrative Procedure Act since county agencies are not included within its provisions. Art. 41, §§ 244 and 255. *Hyson v. Montgomery County,* 242 Md. 55, 66, 217 A. 2d 578 (1966); *Bernstein v. Bd. of Education,* 245 Md. 464, 471, 226 A. 2d 243 (1967). Finally, it should not be thought that the Maryland Rules regulating appeals from administrative agencies (Ch. 1100, subtitle B) can grant a right of appeal. While Rule

B1 b includes county administrative agencies, Rule B1 a makes subtitle B applicable only to those cases where an appeal is "*specially authorized by statute* . . ." (emphasis supplied). We can find no such authorization applicable to this case, and must conclude that the circuit court had no jurisdiction to entertain an appeal from the decision of the county commissioners.

Neither the appellant nor the appellee are without remedy, for they may utilize mandamus or seek appropriate equitable relief in an original action in their attempt to resolve the legal status of the proposed mobile home park. *See Bernstein v. Bd. of Education,* 245 Md. 464, 471, 226 A. 2d 243 (1967). For a discussion of the use of mandamus in obtaining the approval of a subdivision plat, see *Bd. of Co. Comms. v. Oxford Dev. Co.,* 209 Md. 373, 377-78, 121 A. 2d 239 (1956); *Planning Comm. v. Silkor Corp.,* 246 Md. 516, 229 A. 2d 135 (1967) and Yokley, *The Law of Subdivisions,* § 69 (e) (1963).

> *Order reversed and appeal to the Circuit Court for Frederick County dismissed without prejudice to the parties to institute an appropriate action. Costs in this Court and the circuit court to be paid by the appellee.*