PRINCE GEORGE'S COUNTY, MARYLAND ET AL. *v.*
JOHN FAHEY

[No. 22, September Term, 1975.]

*Decided October 6, 1975.*

The cause was argued before MORTON, GILBERT and LOWE,
JJ.

*Benjamin R. Wolman* for appellant, cross-appellee.

*Fred R. Joseph,* with whom were *Kaplan, Smith, Joseph,
Greenwald & Laake* on the brief, for appellee,
cross-appellant.

GILBERT, J., delivered the opinion of the Court.

Under date of July 19, 1973, Deputy Sheriff John Fahey, appellee-cross appellant, received a letter from Don Edward Ansell, Sheriff of Prince George's County, Maryland, in which Fahey was apprised that:

> "You are hereby advised as your Department Head I am considering your dismissal from this department for violation of Merit System Ordinance Section 13-101-#1-Unsatisfactory Performance and Section 13-101-#10-Any immoral or unethical conduct which reflects unfavorably on the County as an employer, to wit:

> On July 17, 1973 at approximately 10:10 P.M. you did respond to 5021-26th Ave., Hillcrest Heights, Md. where you arrived at the scene at approximately 10:10 P.M. Upon arrival at the scene you did approach one Joseph Bodecker, asked him his name and asked him to get out of his vehicle. When he leaned toward the glove box compartment you did, without provocation, pull and point your firearm at Mr. Bodecker and threaten his life. You did then, illegally, search the person of Mr. Bodecker and discover what you referred to as an illegal weapon and failed to place charges as a result of this illegal weapon. You then released Mr. Bodecker from your custody."

Within the time prescribed Fahey answered, in writing, the charges. It is enough to know that Fahey's answer was exculpatory in nature. The sheriff, however, was apparently unsatisfied by Fahey's response, and on July 30, 1973, informed Fahey:

> "I have reached a final decision and you are hereby advised that your employment with this department is terminated at the close of business July 30, 1973."

Prince George's County has adopted a Personnel Ordinance designated as Chapter 13 of the Prince George's

County Code of Ordinances and Resolutions. Section 13-102 of the Personnel Ordinance provides that a party aggrieved by disciplinary action may appeal to the Merit Board which shall conduct a hearing and make a final determination. Fahey appealed to the Merit Board.[1] The Board conducted a hearing with respect to Fahey, and on October 22, 1973, handed down its decision and "Findings of Fact." The Board determined that the charges leveled in the Sheriff's letter to Fahey on July 19, 1973, were "supported in fact and evidence presented to the Board." The Board further ascertained that while the disciplinary action was "severe in this case" that, nevertheless, when considered with the "severity of [the] offense" the Sheriff's discretionary authority had not been abused.

As he was permitted to do under 1 Prince George's County Ordinances and Resolutions § 13-103 (1968), Fahey appealed to the Circuit Court for Prince George's County. There Judge Joseph A. Mattingly reversed the action of the Board on the ground that the evidence did not support the finding of the Board. He also ordered the payment to Fahey of one-half of the sum of wages that Fahey would have earned had his employment not been terminated.

Displeased with Judge Mattingly's ruling, the County noted an appeal to this Court, asseverating that the hearing judge ignored the substantial evidence that supported the Merit Board's findings, and that the court had substituted its judgment for that of the Board. Fahey filed a cross appeal in which he claimed that he was entitled to all of his lost wages, not merely one-half. Fahey further moved to dismiss the County's appeal on the ground that no such appeal is sanctioned by 1 Prince George's County Code of Ordinances and Resolutions, Ch. 13, and, therefore, under Courts and Judicial Proceedings Article § 12-302 the matter is not properly appealable.

---

1. The Merit Board is comprised of "three members who support merit principles and are registered voters of the county." Terms of the members are for a period of three years after the initial staggered term, and no member of the Board is allowed to hold any position which is regulated by the County Merit Board. *See,* 1 Prince George's County Code of Ordinances and Resolutions, Ch. 13, § 13-2 (1968).

Section 13-103 of the Prince George's County Code of Ordinances and Resolutions provides:

> "(a) Appeals to the circuit court shall be taken in the manner prescribed under Rule B of the Maryland Rules of Procedure.
>
> (b) Additional evidence may be presented if written application by a petition to show cause is made to the court before the date set for hearing for leave to present additional evidence on the issues in the case either by the party appealing or any party in interest. And if it is shown to the satisfaction of the court, after a hearing thereon, that the additional evidence is material and that there were good reasons for failure to present it in the proceedings before the merit board, the court shall order that the additional evidence be taken before the merit board for the taking of such additional testimony. In cases where the additional evidence is taken before the merit board, they may modify or reverse their previous findings and decision by reason of the additional evidence and shall file with the reviewing court to become part of the record any additional evidence together with any modifications or new findings or decision."

While the Personnel Ordinance sets forth the right to appeal to the county circuit court, it significantly does not provide for an appeal to this Court. It is a fundamental principle of law that in those cases where a trial court exercises a special limited appellate jurisdiction, which has been conferred by statute, no appeal from the trial court to this Court is permitted absent a statutory provision authorizing further appeal to us. *Sugar v. North Balto. M.E. Church*, 164 Md. 487, 499, 165 A. 703, 707-08 (1933). *See also Urbana Civic Ass'n v. Urbana Mobile Village, Inc.*, 260 Md. 458, 461, 272 A. 2d 628, 630 (1971). Of course, if the County Merit Board were a State agency an appeal could be taken pursuant to the provisions of the State Administrative Procedure Act. Md. Ann. Code art. 41, § 244, *et seq.*

Although the Prince George's County Merit Board is an administrative agency, it is not a "... *State* board, commission, department or officer ...", (Emphasis supplied), nor is it authorized to make rules or adjudicate cases within the scope of the State Administrative Procedure Act. Furthermore, Judge Digges, writing for the Court of Appeals in *Urbana Civic Ass'n v. Urbana Mobile Village, Inc., supra,* 260 Md. at 462, 272 A. 2d at 631, articulated that county agencies are not within the ambit of the State Administrative Procedure Act.

The law in Maryland is that unless a State legislative enactment has delegated to a county the authority to sanction appeals from county agencies to the courts, the county is without the power to provide for such appeals. *Urbana Civic Ass'n v. Urbana Mobile Village, Inc., supra.* Where the legislature has permitted the county to authorize appeals to the courts, no appeal may be taken, except on jurisdictional grounds, *Bd. of Med. Examiners v. Steward,* 203 Md. 574, 580-81, 102 A. 2d 248, 251 (1954), unless a county ordinance expressly provides for the appeal. Where, as here, the county presumably possesses the power to authorize appeals to the courts, but by the terms of its ordinance the county has limited the appeal to the circuit court, no further appeal is sanctioned. In the absence of an express grant of appellate jurisdiction, we cannot entertain a review of "the decision of the circuit court in this special statutory proceeding except on jurisdictional grounds." *Urbana Civic Ass'n v. Urbana Mobile Village, Inc., supra* at 461. Inasmuch as jurisdiction is not involved in the instant case, we are devoid of authority to review the circuit court's decision. Accordingly, we grant Fahey's motion to dismiss the appeal. For the same reasons we dismiss *sua sponte* Fahey's cross appeal.

One week before oral argument in this matter, Fahey filed a "Motion to Supplement Brief" and simultaneously submitted a paper writing styled "Supplementary Appendix: Partial Transcript of Personnel Board Hearing." We deny the motion and reject the so-called "Supplemental Appendix." There is no authority under the Maryland Rules

of Procedure for either the motion or the "Supplemental Appendix." *But see* Md. Rule 1028.[2]

*Appeals dismissed.*
*Costs to be paid by appellant.*

---

**2.** The Rule, effective July 1, 1975 provides:

"The appellant may include in an appendix to his reply brief such additional part of the record as he deems material and which he desires this Court to read in view of the matter contained in the appellee's brief or appendix. Such appendix to the appellant's reply brief shall be prefaced by a statement of the reasons therefor. Parties and counsel are cautioned that the cost of printing such appendix may be withheld or divided under section c of Rule 1082 (Awarding of Costs)."