Robert F. AHEARN et al., Plaintiffs,

v.

Robert J. DiGRAZIA, Defendant.

Civ. A. No. 75–4419–S.

United States District Court,
D. Massachusetts.

May 6, 1976.

Frank J. McGee, Marshfield, Mass., for plaintiffs.

Lawrence J. Ball, Law Department, Boston, Mass., for defendant.

Before CAMPBELL, Circuit Judge, and FREEDMAN and SKINNER, District Judges.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

The plaintiffs, all police officers of the City of Boston, claim that they have been deprived of equal protection of the law by reason of the imposition on them of punishment duty pursuant to Massachusetts General Laws, c. 31, § 43(g), and bring this claim under the Civil Rights Act, 42 U.S.C. § 1983. Since they seek to enjoin the operation of the Massachusetts statute, a three-judge district court was designated on January 14, 1976 by the Chief Judge of the Circuit, in accordance with 28 U.S.C. §§ 2281 and 2284.

The thrust of the plaintiffs' claim is that only police officers and firefighters are singled out for this form of punishment. No

other civil service employee of the Commonwealth may be subjected to punishment duty.

An additional claim under the Thirteenth Amendment and 42 U.S.C. § 1994 was dismissed by a district judge prior to the convening of the three-judge court.

There is no dispute as to the facts. After a hearing conducted in accordance with M.G.L. c. 31 § 43(g), the defendant Police Commissioner found the plaintiffs guilty of violating specified rules and regulations of the Boston Police Department and imposed punishment duty. Punishment duty consists of performing extra hours of police work without pay. An appeal was taken to the Massachusetts Civil Service Commission, which is still pending. The district judge issued a temporary order restraining the performance of the duty in order to preserve the issue for this Court.

■ The standard to be applied has recently been clarified by the United States Supreme Court. The plaintiffs must demonstrate that there is no rational connection between the provision for enforcing discipline through punishment duty and the promotion of safety of persons and property. *Kelley v. Johnson*, —— U.S. ——, ——, 96 S.Ct. 1440, 1445, 47 L.Ed.2d 708, 714, 44 U.S.L.W. 4469, 4472 (April 5, 1976).

"The job of a policeman does have 'natural distinguishing characteristics' from all other city employees." *Detroit Police Officers Association v. City of Detroit*, 385 Mich. 519, 190 N.W.2d 97 (1971), *appeal dismissed for want of substantial federal question*, 405 U.S. 950, 92 S.Ct. 1173, 31 L.Ed.2d 227 (1972).

Defendant has pointed out that the usual sanction of suspension from duty may place an inappropriate economic burden on the policeman's family, or may have the effect of reducing the available manpower in a period of emergency. Where, as in this case, the infractions consist of unauthorized absence from duty, suspension compounds the problem from the viewpoint of protection of persons and property. The defendant argues that Massachusetts was therefore justified in providing an alternate sanction by punishment duty.

■ We agree that these considerations demonstrate a rational relationship to the protection of persons and property, and that this relationship is at least as strong as that of the hair length regulation sustained in *Kelley v. Johnson, supra,* and that of the residence requirement in *Detroit Police Officers Association v. City of Detroit, supra.* Plaintiffs argue that no other state imposes punishment duty as does Massachusetts. The state is entitled to make its own choice if the standard of rational connection is met, as we hold it is here. *Kelley v. Johnson, supra.*

Accordingly, the Temporary Restraining Order is VACATED, and the Complaint is DISMISSED on the merits. So ordered.