AMERICAN AMBULANCE & OXYGEN SERVICE
ET AL. *v.* MAYOR AND CITY COUNCIL
OF BALTIMORE ET AL.

[No. 923, September Term, 1975.]

*Decided May 7, 1976.*

The cause was argued before ORTH, C. J., and GILBERT and LOWE, JJ.

*Martin McGuire,* with whom was *George L. Russell, Jr.,* on the brief, for appellants.

*J. Warren Eberhardt, Assistant City Solicitor,* with whom were *Benjamin L. Brown, City Solicitor* and *Ambrose T. Hartman, Deputy City Solicitor* on the brief, for appellee Mayor and City Council of Baltimore. *A. Howard Metro* for other appellee.

GILBERT, J., delivered the opinion of the Court.

Before an ambulance service may be lawfully operated in Baltimore City, a license must be obtained from the Commissioner of Health of that municipality. Baltimore City Code art. 15, §§ 1-7 (1966).[1]

Desirous of operating a licensed ambulance service within the territorial confines of Baltimore City, Suburban Ambulance Service, Inc., of Silver Spring, Maryland, applied to the Commissioner of Health for the express purpose of having licenses issued for five ambulances. In accordance with Regulation 6 (b) (1), of the "Rules and Regulations Governing Ambulance Operations" that the Commissioner had promulgated pursuant to Baltimore City Code art. 15, § 4 (1966), the Commissioner notified ". . . each and every existing ambulance vehicle licensee . . ." of the pending application. Regulation 6 (b) (1) requires that other licensees be advised of the time and place of the public hearing that is mandated by the regulation. In addition, a notice of the

---

1. These provisions of the City Code were originally enacted as Ord. 734, 1965-66, §§ 72B-G.

hearing must be published in a ". . . local newspaper once a week for the three consecutive weeks immediately preceding the . . . hearing." [2]

At the time of hearing, January 22, 1975, Mr. Willie Runyon, the owner of five ambulance services, appeared, with counsel, in opposition to the granting of the licenses to Suburban. The affidavit to which we have alluded in footnote 2, *supra*, recites:

> ". . . Following the hearing, the hearing commission consisting of James D. Carr, MD, Assistant Commissioner, Local Health Services, Philip A. Berman, Acting Chief, Division of Institutional Facilities, John B. DeHoff, MD, Commissioner of Health and . . . [C. Edward Sachs, Director — Bureau of Environmental Hygiene] approved Suburban Ambulance Service, Inc.'s petition for three vehicles for operation in Baltimore City."

The five services owned by Mr. Runyon, *i.e.*, American Ambulance & Oxygen Service; Armacost Ambulance and Oxygen Service, Inc.; Community Ambulance Service; MWG Ambulance Service, Inc.; and Mayple Hill Ambulance Service, appealed to the Baltimore City Court. The City and Suburban responded to the appeal by filing separate motions raising preliminary objections. Md. Rule 323. The basis of the City's motion was twofold. First, the City contended that the court lacked jurisdiction over the subject matter because the Runyon-owned companies were not aggrieved persons within the meaning of Baltimore City Code art. 15, § 4, and second, there was a "Want of necessary parties." The reason for the latter assertion was that in their appeal the appellants had named not only the Mayor and City Council of Baltimore as an appellee, but had also designated the "Baltimore City Health Department" as an appellee. The City asserted that the Department of Health ". . . is not a legal entity . . .", but rather a department of the City

---

2. An affidavit in the record indicates compliance with Regulation 6 (b) (1).

government and, thus, was not a proper party.[3] Suburban's motion to dismiss raising a preliminary objection asserted that the appellants lacked the legal capacity to sue.

In the Baltimore City Court, Judge James W. Murphy determined that appellants were "... not 'aggrieved' parties ..." in that they were not "... personally and specially affected in any way different from ... the public generally, except for a possible competition from the new licensees."

The appellants then appealed to this Court asserting that Judge Murphy erred in holding that appellants were not parties aggrieved by the action of the Commissioner and lacked standing to appeal to the trial court.

Recently, in *Prince George's County v. Fahey*, 28 Md. App. 312, 345 A. 2d 102 (1975), we, on motion of Fahey, dismissed an appeal because it was not sanctioned by the Prince George's County Ordinances and Resolutions. We said that:

"... It is a fundamental principle of law that in those cases where a trial court exercises a special limited appellate jurisdiction, which has been conferred by statute, no appeal from the trial court to this Court is permitted absent a statutory provision authorizing further appeal to us. *Sugar v. North Balto. M.E. Church*, 164 Md. 487, 499, 165 A. 703, 707-08 (1933). *See also Urbana Civic Ass'n v. Urbana Mobile Village, Inc.*, 260 Md. 458, 461, 272 A. 2d 628, 630 (1971)." 28 Md. App. at 315.

Baltimore City Code art. 15, § 6 provides:

"Appeals.

Any person aggrieved by any action or refusal of action by the Commissioner of Health under the provisions of this subtitle may appeal his case to the Baltimore City Court where it shall be heard de novo. The Court may affirm, reverse, or modify the

---

**3.** The second contention, however, need not concern us in this appeal because it does not appear to have been any part of the foundation upon which the hearing judge rested his decision to grant the City's motion.

action or refusal of action by the Commissioner of Health."

The above quoted language of article 15 is the only portion of the ambulance license provisions concerned with appeals. It is patent that section 6 permits appeals to the Baltimore City Court, but it does not contain authority for further appeal.

Pursuant to Md. Rule 1035 a 2, we, *sua sponte*, dismiss the appeal of the appellants because "[t]he appeal is not allowed by law . . . ." We do so on the basis of what we said in *Prince George's County v. Fahey, supra*:

"The law in Maryland is that unless a State legislative enactment has delegated to a county [or Baltimore City] the authority to sanction appeals from county [or city] agencies to the courts, the county [or city] is without the power to provide for such appeals. *Urbana Civic Ass'n v. Urbana Mobile Village, Inc., supra*. Where the legislature has permitted the county to authorize appeals to the courts, no appeal may be taken, except on jurisdictional grounds, *Bd. of Med. Examiners v. Steward*, 203 Md. 574, 580-81, 102 A. 2d 248, 251 (1954), unless a county [or city] ordinance expressly provides for the appeal." 28 Md. App. at 316.

Where, however, the city of Baltimore or a county, has the power to permit appeals to the State appellate courts, but the ordinance limits the appeal to a court of the Supreme Bench or the county circuit court, no further right of appeal is recognized. *Prince George's County v. Fahey, supra*. "In the absence of an express grant of appellate jurisdiction, we cannot entertain a review of 'the decision of the . . . [Baltimore City Court] in this special statutory proceeding except on jurisdictional grounds.' *Urbana Civic Ass'n v. Urbana Mobile Village, Inc., supra* [260 Md.] at 461." 28 Md. App. at 316.

The Baltimore City Health Department is not a State agency so that the Administrative Procedures Act, Md. Ann. Code art. 41, § 244 *et seq.*, which would empower an appeal

from a decision of a State agency to this Court, does not apply.

The ordinance in the case *sub judice* expressly provides for an appeal to the Baltimore City Court. That court is the proper forum to which appeals from the decisions of the Commissioner of Health of Baltimore City are to be noted. The jurisdictional exception mentioned in *Urbana Civic Ass'n v. Urbana Mobile Village, Inc., supra,* is not present in this case. There is nothing for us to consider as we are without jurisdiction to decide this case on its merits.

*Appeal dismissed.*
*Costs to be paid by appellants.*