DOUGLAS L. ABBOTT *v.* ADMINISTRATIVE HEARING BOARD, PRINCE GEORGE'S COUNTY ET AL.

[No. 1146, September Term, 1975.]

*Decided November 30, 1976.*

The cause was argued before MARVIN H. SMITH and JOHN C. ELDRIDGE, Associate Judges of the Court of Appeals, and J. HAROLD GRADY, Associate Judge of the Eighth Judicial Circuit, all specially assigned.

*Karl G. Feissner* and *Robert H. Levan,* with whom were *Feissner, Garrity, Levan & Schimel* on the brief, for appellant.

*Ellis J. Koch, Deputy County Attorney for Prince George's County,* and *David E. Grover, Associate County Attorney,* with whom was *James C. Chapin, County Attorney,* on the brief, for appellees.

ELDRIDGE, J., delivered the opinion of the Court.

We are presented with the question of whether the provisions of the Prince George's County Merit System Ordinance and the County Charter governing employee appeals from administrative disciplinary actions are, when applied to cases involving police officers, preempted by the statewide public general law known as the "Law-Enforcement Officers' Bill of Rights."

The "Law-Enforcement Officers' Bill of Rights" was enacted by the Legislature as Ch. 722 of the Acts of 1974, as amended by Ch. 809 of the Acts of 1975, and is codified in Maryland Code (1957, 1976 Repl. Vol.), Art. 27, §§ 727-734A. The purpose of these enactments was to guarantee that certain procedural safeguards be offered to police officers during any investigation and subsequent hearing which could lead to disciplinary action, demotion, or dismissal. A member of a police department "of any county" is expressly covered by the Law-Enforcement Officers' Bill of Rights, Art. 27, § 727 (b) (3). The law sets forth specific standards for the investigation of alleged misconduct, including the place and time of any interrogation of the officer, and

requires that a written record be kept of the interrogation, Art. 27, § 728. If the investigation results in the recommendation of some disciplinary action such as demotion, a full hearing must be held, affording the police officer the right to counsel, the right to present evidence, and the right to cross-examine witnesses, Art. 27, § 730. The hearing is held before a "hearing board," chosen by the chief of police and comprised of other law-enforcement officers, Art. 27, § 727 (c). The written decision of the hearing board, accompanied by findings of fact, must be sent to the officer, Art. 27, § 731. An appeal from the decision of the hearing board may be taken to the circuit court pursuant to Maryland Rule B2, Art. 27, § 732. There is no provision for an appeal beyond the circuit court.

The provisions of the Prince George's County Charter and ordinances governing disciplinary actions involving merit system employees, including police officers, are similar. While no provisions govern the conduct of a pre-hearing investigation of an employee, the chief of police may appoint a trial board of subordinates to hear charges against an officer and to submit recommendations of appropriate action to the chief, Prince George's County Code (1967, 1970 Supp.), § 13-96. If disciplinary action is to be taken, written notice must be sent to the employee stating the reasons for such action and informing the employee of the right to reply within three days, § 13-97. However, as opposed to the procedure provided in the Law-Enforcement Officers' Bill of Rights, an additional administrative appeal to the County Personnel Board is provided, §§ 13-100, 13-102; Prince George's County Charter, § 907 (3). An appeal from the Personnel Board's decision may then be taken to the circuit court, § 13-103. As with the Law-Enforcement Officers' Bill of Rights, there is no provision for an appeal from the decision of the circuit court.

On October 9, 1974, a Police Administrative Hearing Board was convened to hear charges against Sergeant Douglas Abbott of the Prince George's County Police

Department, accusing him of violations of the County Personnel Ordinance as well as Police Department Regulations. The charges arose from Abbott's conduct in responding to a broadcast from the Police Communications Center to arrest an individual on an assault charge. Specifically, Abbott was charged with "unsatisfactory performance" in his contact with the suspect and with improper discharge of a firearm in violation of police regulations.

After hearing extensive testimony concerning the incident, the hearing board sent, on October 15, 1974, its findings of fact and recommendation of disciplinary action to the Chief of Police of Prince George's County. The hearing board found Sergeant Abbott guilty of the charges and recommended that he be demoted to the rank of Police Corporal and suspended for a period of ten days without pay. On October 24, 1974, the Chief of Police notified Sergeant Abbott that he concurred in the hearing board's findings and that the recommended disciplinary action would become effective on October 25, 1974. Sergeant Abbott was also notified of his right to appeal from this action to the Circuit Court for Prince George's County within thirty days.

Sergeant Abbott took timely appeals to both the circuit court and the Prince George's County Personnel Board. On November 18, 1974, the County filed in the circuit court a motion to stay the administrative appeal, contending that under the Law-Enforcement Officers' Bill of Rights, Art. 27, § 732, exclusive jurisdiction to review a decision of the Police Administrative Hearing Board was vested in the circuit court. The hearing before the Personnel Board was preliminarily stayed by the circuit court pending a hearing on the motion. The hearing on the motion was held on September 24, 1975, at which time the circuit court granted the motion and stayed the administrative appeal. The court found that the appeal procedures established by the local law of Prince George's County were in conflict with the

Law-Enforcement Officers' Bill of Rights and that the latter, as a public general law enacted by the State Legislature, was controlling. Therefore, the court held that exclusive jurisdiction to hear the appeal was vested in the circuit court. Subsequently, a hearing on the merits of the appeal was held before the circuit court, and the court sustained the decision of the Police Administrative Hearing Board.

Sergeant Abbott now appeals to this court, challenging both the trial court's decision in granting the motion to stay the administrative appeal to the Personnel Board and the trial court's decision on the merits. He contends that the County Personnel Ordinance is not in conflict with the provisions of Art. 27 and that, as a merit system employee, he had a right to appeal the Administrative Board's decision to the County Personnel Board. Moreover, he contends that in denying his right to appeal to the Personnel Board, he has been denied his Fourteenth Amendment right to the equal protection of the laws, in that other merit system employees are afforded an administrative review of disciplinary action prior to judicial review in the circuit court. Sergeant Abbott also raises several issues concerning the circuit court's decision on the merits, upholding the disciplinary action taken against him.

In response, the County has filed a motion to dismiss the appeal pursuant to Maryland Rule 1036, on the grounds that this court is without jurisdiction to hear the appeal under Code (1974), § 12-302 (a) of the Courts and Judicial Proceedings Article. Additionally, in the event that the motion to dismiss is not granted, the County has filed a brief on the merits of Sergeant Abbott's appeal.

Section 12-302 (a) of the Courts and Judicial Proceedings Article provides that, unless granted by law, there shall be no right of appeal from a decision of a circuit court reviewing the decision of an administrative agency. As noted above, neither the County Personnel Ordinance nor the Law-Enforcement Officers' Bill of Rights grants a right of appeal beyond the circuit court. Therefore, normally no appeal from the judgment of the circuit court in reviewing a

decision of the Police Administrative Hearing Board could be taken to this court. *Prince George's County v. Fahey,* 28 Md. App. 312, 345 A. 2d 102 (1975).

However, if Sergeant Abbott is correct in his contention that he had a right to appeal to the County Personnel Board before any review of the administrative action by the circuit court, the circuit court would then have been without jurisdiction to hear the appeal prior to action by the Personnel Board. It is well settled that an appeal may be taken to an appellate court from a judgment of a circuit court reviewing the decision of an administrative agency where it is alleged that the court exceeded its jurisdiction. *Urbana Civic v. Urbana Mobile,* 260 Md. 458, 461, 272 A. 2d 628 (1971); *Bd. of Med. Examiners v. Steward,* 203 Md. 574, 580-581, 102 A. 2d 248 (1954); *Cumberland R. Co. v. Martin,* 100 Md. 165, 166, 59 A. 714 (1905); *Prince George's County v. Fahey, supra,* 28 Md. App. at 316. The motion to dismiss must, therefore, be denied. Review of the judgment, however, must be limited to those issues relating to the circuit court's jurisdiction to hear an appeal from the decision by the Police Administrative Hearing Board.

The County argues that the local law relating to appeals from the Police Administrative Hearing Board has been preempted by the Law-Enforcement Officers' Bill of Rights which is a statewide public general law. The County's preemption argument has two prongs. First, the County contends that the appeal provisions of the merit system ordinance and of the County Charter are, when applied to police officers, in direct conflict with the public general law, and that when such a conflict exists, the public general law is controlling. *City of Baltimore v. Sitnick & Firey,* 254 Md. 303, 310-317, 255 A. 2d 376 (1969); *Rossberg v. State,* 111 Md. 394, 416-418, 74 A. 581 (1909). *See* Maryland Constitution, Art. XI-A, § 3. Alternatively, the County argues that even if there is no actual conflict, the Law-Enforcement Officers' Bill of Rights provides comprehensive procedures governing disciplinary actions involving all police officers in the State, and that therefore the Legislature has preempted this field

by occupation. Reliance is placed upon *County Council v. Montgomery Ass'n*, 274 Md. 52, 58-65, 333 A. 2d 596 (1975).

Although highly persuasive, we do not find it necessary to rule upon the County's argument based on preemption by occupation. This is because we agree with the circuit court that the County personnel laws and the public general law are in direct conflict. Both the Law-Enforcement Officers' Bill of Rights and the County personnel laws provide for an appeal from hearing board decisions. The Personnel Ordinance provides for administrative review of the decision prior to judicial review whereas the Law-Enforcement Officers' Bill of Rights provides for immediate judicial review of the hearing board decision without intermediate administrative action. The appeal provisions of the law enacted by the County are obviously inconsistent with the appeal provisions of the Law-Enforcement Officers' Bill of Rights. Where provisions of a locally enacted law and a law enacted by the State Legislature are inconsistent, and, as here, irreconcilable, a conflict exists. The State law preempts the locally enacted law and is controlling. *Heubeck v. City of Baltimore*, 205 Md. 203, 208-211, 107 A. 2d 99 (1954); *Levering v. Park Commissioners*, 134 Md. 48, 106 A. 176 (1919); *Rossberg v. State, supra.*[1] Consequently, the circuit court had exclusive jurisdiction to hear the appeal from the Police Administrative Hearing Board, and the court properly granted the motion to stay the appeal before the County Personnel Board.

Sergeant Abbott also argues that the Law-Enforcement Officers' Bill of Rights as interpreted by the circuit court violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that it creates a class of employees, police officers, who are denied rights enjoyed by other merit system employees in Prince

---

1. With respect to the situation involving a conflict between a public general law and a public local law enacted by the General Assembly, *see* Maryland Code (1957, 1976 Repl. Vol.), Art. 1, § 13; Hitchins v. City of Cumberland, 208 Md. 134, 144-147, 117 A. 2d 854 (1955); Herman v. M. & C.C. of Baltimore, 189 Md. 191, 196, 55 A. 2d 491 (1947); Montgomery County v. Eli, 20 Md. App. 269, 277-278, 315 A. 2d 136 (1974). Art. 1, § 13, is, of course, not applicable where the issue is whether an enactment of the General Assembly has preempted a locally enacted law as here.

George's County. Assuming arguendo that an appeal to this court will lie where it is alleged not only that the court reviewing an administrative action was without jurisdiction to do so, but also where it is alleged that a particular administrative procedure will result in the deprivation of a basic constitutional right, we can find no merit to this contention.

The Equal Protection Clause of the Fourteenth Amendment does not prohibit the State from enacting legislation which affects one group differently than others. If there is a rational basis for the classification to achieve a legitimate State objective, the constitutional safeguard of equal protection of the laws is not offended. *McGowan v. Maryland,* 366 U. S. 420, 425-427, 81 S. Ct. 1101, 1104-1105, 6 L.Ed.2d 393 (1961); *Bowie Inn v. City of Bowie,* 274 Md. 230, 241, 335 A. 2d 679 (1975). This principle is applicable to legislation creating different classifications of public employees and affording different treatment of each class. *Montgomery County v. Walsh,* 274 Md. 502, 524-526, 336 A. 2d 97 (1975), *appeal dismissed,* 424 U. S. 901, 96 S. Ct. 1091, 47 L.Ed.2d 306 (1976).

The nature of the duties of police officers is sufficiently different from those of other public employees to justify the establishment of different procedures to be employed in disciplinary actions involving police officers. As the United States Court of Appeals for the Seventh Circuit said in *Confederation of Police v. City of Chicago,* 529 F. 2d 89, 92 (7th Cir. 1976), "[t]he grievance procedures to be afforded the patrolmen need not mirror in all respects those afforded other civil servants." It is no denial of equal protection to discipline police officers differently than other governmental employees. *Ahearn v. DiGrazia,* 412 F. Supp. 638 (D. Mass. 1976), *aff'd mem.,* U. S., 45 U.S.L.W. 3273 (October 12, 1976). In light of the nature of the police function and a policeman's duties, there is clearly a rational basis for the classification. We find, therefore, that application of the appeal procedures of the Law-Enforcement Officers' Bill of Rights does not deprive Sergeant Abbott of the equal protection of the laws.

As previously discussed, we do not reach other issues raised by Sergeant Abbott which do not relate to the jurisdiction of the circuit court or the constitutionality of the administrative procedure.

*Judgment affirmed.*
*Appellant to pay costs.*