LAWRENCE H. BARANSKI *v.* PRINCE GEORGE'S
COUNTY, MARYLAND ET AL.

[No. 632, September Term, 1978.]

*Decided February 8, 1979.*

The cause was argued before GILBERT, C. J., and LISS and
COUCH, JJ.

*Karl G. Feissner,* with whom were *Feissner, Garrity &
Beckman* on the brief, for appellant.

*Steven Gillman, Associate County Attorney for Prince George's County,* with whom were *James C. Chapin, County Attorney, Michael O. Connaughton, Deputy County Attorney,* and *David E. Grover, Associate County Attorney,* on the brief, for appellees.

GILBERT, C. J., delivered the opinion of the Court.

Promotion satisfies the hunger of ambition as drink quenches thirst, temporarily. Where the seeker of promotion is denied his goal, notwithstanding what he perceives to be his superior qualification,[1] the hunger sometimes spreads throughout the body like a metastasizing cancer. When that occurs, nothing short of total *a posteriori* recognition will soothe the damaged ego.

The matter now before us was brought by Lawrence H. Baranski, a captain in the Prince George's County Police Department, against the County and John W. Rhoads, the Chief of Police for the County. Baranski complains that the County's merit system of promotion was violated by the County, acting through the Chief of Police, in not advancing Baranski from lieutenant to captain approximately thirteen (13) months earlier than the date that he was promoted. Patently, the later promotion did not soothe Baranski's injured ego nor was any balm applied to it when Judge Jacob S. Levin of the Circuit Court for Prince George's County denied Baranski's plea that the captaincy be backdated to the time that Baranski believes he should have been promoted to that rank. Had Baranski prevailed in the circuit court, not only would he have gained the sought *a posteriori* recognition, but also the salary differential as well as seniority.

Although set back by Judge Levin's ruling, Baranski refused to capitulate. Instead of abnegating what he apparently sees as properly his, Baranski brought an appeal to this court. Here Baranski asserts:

"I. The actions of the Chief of Police and Prince George's County in not promoting the Appellant

---

1. "Some one must be the loser; it is part of the game of life; we have to pay in countless ways for the absence of prophetic vision." Benjamin N. Cardozo, *The Nature of the Judicial Process* (New Haven: Yale University Press, 1921), p. 143.

in his first promotional examination when he attained second on the promotional list was in violation of the Charter and Merit Regulations of Prince George's County which require that personnel actions be based upon merit and fitness.

II. The conclusion of Appellee Rhoads, Chief of Police, that Appellant did not fit into his (Chief Rhoads') organizational plans, that he (the Chief of Police) never looked at the promotional list, and that in the opinion of the Chief of Police the evaluation system isn't worth the paper it is written on, is not a permissible criteria under a merit system plan for consideration of employees for upward mobility."

## THE FACTS

The record discloses that Baranski finished second in the January 31, 1975, examination for the position of police captain. At that time there were three vacancies to be filled in that particular rank. From the eligibility list, Chief Rhoads selected three persons who finished 1, 3, and 4 in the overall examination. Each of the three (3) who were promoted had attained a higher "supervisory rating" than Baranski. The Chief, in his answers to written interrogatories, said:

"I made my selections after considering the nature and requirements of each position and each of those persons certified as eligible and my reason for not selecting . . . [Baranski] for promotion to the rank of Police Captain was that I did not have confidence in his command ability and other abilities necessary to carry out the duties and responsibilities of any of the three (3) unoccupied positions to my satisfaction."

Baranski's version of a conversation with Chief Rhoads concerning Baranski's not being advanced to captain following the 1975 examination, not unexpectedly, differs materially from the Chief's answer to the interrogatory.

Baranski avers that he was told by Chief Rhoads, "Larry, you and I know that evaluation system isn't worth the paper it's written on." Baranski also stated that the Chief "indicated to me [that] I didn't fit into his organization plans at that time."

Baranski was promoted to police captain after a February 27, 1976, examination. In that test, he obtained the third highest composite score. His "supervisory rating" rose from 20.68 to 22.0, the same rating as each of the other five persons who had a final standing in the top six of all of those who took the examination.

## I.

Underpinning Baranski's suit are the Prince George's County Charter[2] and that County's "Merit System Ordinance." The Charter of Prince George's County, Article IX, Personnel, Section 901. THE PERSONNEL SYSTEM, provides:

> "Except for those in exempt positions, the Council shall provide by law for a personnel system governing the appointment and removal of employees, and other personnel procedures for employees in the County Government. The personnel system shall insure that personnel actions are based upon merit and fitness, and that no employee or applicant for employment shall be discriminated against in any personnel action by reason of race, color, religion, creed, sex, political affiliation, or country of national origin."

County police are not within the ambit of the exemptions specified in Charter, Article IX, section 902, as exempt from the personnel system. *See also* Prince George's Code § 16-102 (27).

Baranski, through his counsel, notified Chief Rhoads under date of November 30, 1976, of a complaint and grievance

---

2. Adopted by the voters of Prince George's County on November 3, 1970, as amended through November 1974.

under the Provisions of section 13-105 of the "Merit System Ordinance." That section provides in part that if an employee of the county is "dissatisfied" with his department head's disposition of the employees complaint, the employee may carry his grievance, through the County Personnel Officer,[3] to the County Merit Board. As one of its functions, that Board is empowered by Merit System Ordinance § 13-102 to "adjudicate appeals ... from the decisions of the Personnel Officer." The appellate decisions of the Board are "final and ... exhaust all administrative appeal rights. ..." Once those rights have been exhausted, a further appeal is permitted to the circuit court, which appeal is to be "taken in the manner prescribed under Rule B [Appeals from Administrative Agencies] of the Maryland Rules of Procedure." The Merit System Ordinance does not provide, however, for further appeal to this Court and, therefore, none is allowed. *Prince George's County v. Fahey,* 28 Md. App. 312, 345 A. 2d 102 (1975). We said in *Fahey:*

> "It is a fundamental principle of law that in those cases where a trial court exercises a special limited appellate jurisdiction, which has been conferred by statute, no appeal from the trial court to this Court is permitted absent a statutory provision authorizing further appeal to us. *Sugar v. North Balto. M.E. Church,* 164 Md. 487, 499, 165 A. 703, 707-08 (1933). *See also Urbana Civic Ass'n v. Urbana Mobile Village, Inc.,* 260 Md. 458, 461, 272 A. 2d 628, 630 (1971)."

We reiterated that holding in *American Ambulance & Oxygen Service v. City of Baltimore,* 31 Md. App. 432, 356 A. 2d 580 (1976).

Following receipt of Baranski's complaint, an associate county attorney responded that the office of County Attorney believed "that the proper recourse for Mr. Baranski is to go through the grievance procedures of the Labor Contract. This

---

3. Prince George's County Merit System Ordinance § 13-3 indicates that the Personnel Officer is the appointed head of the County's Department of Personnel.

decision is based on the fact that Officer Baranski's grievance arose at the rank of lieutenant, who [sic] in fact are [*sic*] covered by the provisions of the Labor Agreement." [4] We infer that this is a reference to a Labor Agreement between the county and Lodge 89, Fraternal Order of Police approved on February 25, 1976. *See* Prince George's County Code § 16-233 (f) (2). The assistant county attorney suggested that "[i]f this is not a satisfactory solution to Officer Baranski's complaint" that the County Attorney's "office would be happy to discuss this with you in greater detail." The record is silent as to whether Baranski's attorney availed himself of that invitation. We observe that Judge Blackwell of the Prince George's County Circuit Court ruled on May 3, 1977, in *Bethel v. Prince George's County* (Equity No. E-929) that an aggrieved party who is covered by the provision of a collective bargaining agreement is not restricted to the grievance procedure set out in the Prince George's County Labor Code § 13A-108 (b) as his "exclusive remedy. Thus, an aggrieved party must be afforded the right to pursue his remedy by way of the merit ordinance — even if he ultimately chooses not to exercise that right." Judge Blackwell went on to state that the "aggrieved party is *not* authorized ... to pursue *both* available remedies." He must elect to proceed under the Merit System or under the collective bargaining agreement.

Matters lay at rest until May 1977, when Baranski filed a Bill of Complaint for declaratory judgment in which he sought to have the circuit court decree that he should have been promoted to the rank of captain at the time he finished second on the eligibility list; that the court declare, in effect, that an appointing authority must appoint from the eligibility list in the order in which the applicants achieved standing; that he "receive credit for his retirement and ... back pay" from the time that he should have been promoted to captain.

The County promptly filed a motion raising preliminary objection on the ground that Baranski had not exhausted his

---

4. It is not clear from the record whether persons holding the rank of captain are covered by the contract, but in light of the County Attorney's reply, we infer that captains are not so covered.

administrative remedies. The motion was denied, apparently on the basis of *Bethel.* The order overruling the motion makes reference to the hearing judge's [5] "oral ruling" but that "ruling" is not part of the record. Eventually, the case was heard on its merits by Judge Levin, who, as we have noted, denied the declaratory relief and entered judgment in favor of the appellees.

The parties, in this Court, have addressed themselves to the proceeding before Judge Levin. The County, for reasons best known to itself, has not commented upon the preliminary objection ruling nor upon the exhaustion of administrative remedies.

## THE LAW

As we see it, the County has provided to its merit system employees two methods of airing grievances. Being passed over for promotion is one such grievance covered by those means of redress.

The Merit System Ordinance spells out in clear and unambiguous terms the procedure that is to be followed by a merit system employee who believes he or she has been improperly denied promotion. Section 13-105. The ordinance directs the Merit Board to conduct a hearing and make findings of fact. Section 13-102. Either party aggrieved by the decision of the Merit Board may appeal to the circuit court in accordance with Rule B of the Maryland Rules of Procedure. Section 13-103. No further appeal is sanctioned. Thus, the judgment of the circuit court is final. *Prince George's County v. Fahey, supra; American Ambulance v. City of Baltimore, supra.*

There is a second road for the disappointed merit system employee to travel in order for him or her to seek redress for what the employee thinks is improper action by the appointing authority. The alternative method is available, however, only if the employee is included within the ambit of a collective bargaining agreement between the county and a union.

---

5. Judge Levin was not the hearing judge that passed upon the motion.

When, as here, the merit system employee is covered by the terms of a collective bargaining agreement, he or she is afforded an election of remedies. The employee may pursue the matter under the provisions of the Merit System Ordinance *or* under the County Labor Code, but the employee cannot have it both ways; that is to say that a person may not seek redress under the Merit System, and, if unsuccessful, invoke the Labor Code provisions. Once the election is made and carried to conclusion, no other grievance procedure methodology may be utilized. The complete use of one of the two alternative methods of grievance redress is the implicit waiver of the other.

What has happened in the case at Bar is the attempted creation of a third method of redress. If successful, it allows the aggrieved employee the review by this Court as a matter of right, and the opportunity of seeking certiorari to the Court of Appeals, thus, obtaining the appellate review that is denied any employee who proceeds administratively.

We think that because of the specific relief available to the appellant under either the County Merit System or the County Labor Code the motion raising preliminary objection should have been granted. The Declaratory Judgment Act, Maryland Courts and Judicial Proceedings Code Annotated §§ 3-401 to 3-415, inclusive, may not be employed in those specific cases where a special remedy is provided by statute or ordinance. Courts art. § 3-409 (b); *Friendship Heights v. Funger,* 265 Md. 339, 289 A. 2d 329 (1972); *Hartman v. Prince George's County,* 264 Md. 320, 286 A. 2d 88 (1972); *Gingell v. County Commissioners,* 249 Md. 374, 239 A. 2d 903 (1968); *Reiling v. Comptroller,* 201 Md. 384, 94 A. 2d 261 (1953); *Verkouteren v. Supervisor of Assessments,* 38 Md. App. 216, 380 A. 2d 642 (1977); *Poolesville v. County Council,* 24 Md. App. 347, 330 A. 2d 711 (1975). The specific remedy is the form that "must be followed," *Friendship Heights v. Funger, supra; Hartman v. Prince George's County, supra,* when that remedy is intended to be exclusive. *Maryland-National Capital Park & Planning Commission v. Washington National Arena,* 282 Md. 588, 386 A. 2d 1216 (1978).

We view the alternative modes of redress provided by the

Merit System Ordinance and the Labor Code as the special form of remedy to which reference is made in the Declaratory Judgment Act. *See Lawrence N. Brandt, Inc. v. Montgomery County,* 39 Md. App. 147, 383 A. 2d 688 (1978). Moreover, for the reasons previously discussed in this opinion, we believe those forms of redress were intended to be exclusive. *See Maryland-National Capital Park & Planning Commission v. Washington National Arena, supra.*

The *Friendship Heights v. Funger* Court said flatly that one "who has not exhausted his administrative remedies cannot seek a declaration. . . ." The Court there was dealing with a zoning ordinance, but the principle is the same. One who has not exhausted his administrative remedies may not obtain relief by way of a declaratory judgment or decree.

We do not interpret the assistant county attorney's response to Baranski's lawyer as a denial of the use of the Merit System procedure. The County's answer suggested that the County Attorney's office did not think the Merit System Ordinance was applicable, and it suggested Baranski follow the route drawn by the Labor Code. Even though that suggestion was made, the door for further discussion was left ajar. Had Baranski desired, he might have followed up on the invitation for discussion, or he could have insisted upon the Merit System appeal. Had the County refused, mandamus would have been the appropriate action to compel compliance with the terms of the Merit System Ordinance.

The Uniform Declaratory Judgments Act is not a panacea for every cause of action, whether substantive or visionary. It may not be utilized when a statute or ordinance "provides a special form of remedy for a specific type of case," Courts Art. § 3-409 (b), which statutorily mandated remedy "shall be followed in lieu of a proceeding," *id.,* under the Declaratory Judgments Act.

The sum and substance of what we have herein stated is that the instant case was brought in the wrong forum, in the wrong way, at the wrong time, and wrongly allowed, over preliminary objection, to remain there. The controversy should not have been tried on its merits as the court did

not have jurisdiction over the subject matter because of the specific remedies. We shall not decide the issues raised on appeal because the litigation does not belong in this Court any more than it did the circuit court. That court had no jurisdiction to decide the case, and neither do we. We shall dismiss the appeal and vacate the judgment of the circuit court and remand to that court with instruction that it dismiss the bill. *See Montgomery County v. One Park North Associates,* 275 Md. 193, 338 A. 2d 892 (1975).

> *Appeal dismissed.*
> *Judgment of the Circuit Court for Prince George's County vacated and case remanded with instruction to dismiss the bill.*
> *Costs to be paid by appellant.*