500 A.2d 1061

**Larry WALKER**

v.

**William S. LINDSEY.**

**No. 178, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Dec. 5, 1985.

Richard I. Kovelant (C. Philip Nichols, Jr., and Goldman, Nichols, Kovelant, Hurtt & Kruger, on brief) Laurel, for appellant.

David A. Plymyer, Asst. County Sol. (Stephen R. Beard, County Sol., on brief) Annapolis, for appellee.

Argued before MOYLAN, WILNER and GARRITY, JJ.

MOYLAN, Judge.

In this case, we are again called upon to construe the legislative intent behind Md.Ann.Code, Art. 27, § 728(b)(4) (1957, 1982 Repl.Vol.). This section is part of what is commonly referred to as the Law-Enforcement Officers' Bill of Rights (LEOBR), Art. 27, § 727–734D.

The appellant, Larry Walker, is an Anne Arundel County police officer. He has been on that force for over fourteen years. On December 28, 1984, the appellant filed a complaint in the Circuit Court for Anne Arundel County, pursuant to Art. 27, § 734, seeking to enjoin any further investigation by the Anne Arundel County Police Department and a Police Trial Board hearing into charges that he used excessive force in the arrest of George M. Woelfel, a minor. The appellant asserted that the hearing board was without jurisdiction to hear the matter, because the Complaint of Brutality was initiated and signed by the minor himself and that this is contrary to the provisions of Art. 27, § 728(b)(4). A hearing was held on the matter before Judge James C. Cawood. In an Opinion and Order dated January 3, 1985, Judge Cawood denied the appellant's Complaint for Injunctive Relief. The appellant has filed this appeal from that Order. Although the Police Trial Board hearing has since been held, final disciplinary action has been stayed pending the outcome of this appeal.

The alleged brutality occurred on September 15, 1984. On that day, the appellant and Officer Gary Wheeler, also of the Anne Arundel County Police Department, arrested George M. Woelfel, a seventeen-year-old minor, and two other persons, following a disturbance at a party. On September 28, 1984, George M. Woelfel signed an "Anne Arundel County Police Department Complaint of Brutality Lodged Against a Police Officer" form alleging that while he was in custody, under Officer Wheeler's control, and while his hands were handcuffed behind his back, the appellant, for no apparent reason, sprayed mace into his eyes. The form was notarized by the minor's father, George E. Woelfel, a notary public and an attorney. On the basis of this complaint, the Anne Arundel County Police Department initiated an investigation into the matter. At the completion of the investigation, the Department concluded that there was sufficient evidence to sustain the charges, and a three-member hearing board was appointed to conduct a hearing into the matter.

Shortly thereafter, in the course of discovery, the appellant learned that George M. Woelfel was born on November 9, 1966, and was seventeen years old when he signed the complaint on September 28, 1984. After the ninety-day period within which a brutality complaint must be filed expired, the appellant filed this action in the circuit court seeking to enjoin the disciplinary proceeding, contending that Art. 27, § 728(b)(4) requires that a parent or guardian must sign a complaint on behalf of a minor.

The LEOBR was enacted by the Legislature in 1974 to guarantee certain procedural safeguards to law enforcement officers during any investigation and hearing which could result in disciplinary action, demotion, or dismissal. *DiGrazia v. County Executive for Montgomery County,* 288 Md. 437, 418 A.2d 1191 (1980); *Allgood v. Somerville,* 43 Md.App. 187, 403 A.2d 837 (1979); *Abbott v. Administrative Hearing Board,* 33 Md.App. 681, 366 A.2d 756 (1976). Section 728(b)(4) of the LEOBR specifies the class

of individuals who may bring a complaint of brutality against a law enforcement officer and the time limit for initiating a complaint:

"A complaint against a law-enforcement officer, alleging brutality in the execution of his duties, may not be investigated unless the complaint be duly sworn to by the aggrieved person, a member of the aggrieved person's immediate family, or by any person with firsthand knowledge obtained as a result of the presence at and observation of the alleged incident, or by the parent or guardian in the case of a minor child before an official authorized to administer oaths. An investigation which could lead to disciplinary action under this subtitle for brutality may not be initiated and an action may not be taken unless the complaint is filed within 90 days of the alleged brutality."

This is the second time the statutory construction of § 728(b)(4) has been before us. Recently, in *Maryland State Police v. Resh*, 65 Md.App. 167, 499 A.2d 1303 (1985), we were faced with the question of whether a law enforcement agency is barred by subsection (b)(4) from initiating an investigation into the extent of force used by one of its police officers in effecting an arrest. In that case, no complaint alleging brutality was filed by anyone. Instead, charges were lodged against a State Trooper by his superior officers following an internal investigation of an arrest by the trooper in which the arrestee sustained serious injury. We there held that by specifying the class of persons who may bring a complaint of brutality, the Legislature did not intend to bar the initiation of an investigation into brutality on the part of a law enforcement officer by the agency which employs him:

"The Superintendent of the Maryland State Police, as well as the chief of any other law enforcement agency, must have the ability to conduct the affairs and operations of his department in an effective and efficient manner. The Legislature intended no less, and when enacting the LEOBR specifically recognized the necessity of that managerial authority."

We held that subsection (b)(4) does not have "any application where ... the investigation is generated by a police agency to determine whether its rules and regulations governing the conduct of its officers in the performance of their sworn duties have been observed." We said that the Legislature by restricting the class eligible to file brutality complaints, intended to protect law enforcement officers from frivolous attacks lodged against them from outside the agency.

In this case, we are faced with a very different situation. A complaint was lodged, pursuant to Art. 27, § 728(b)(4), by an ostensibly eligible complainant—"the aggrieved person." Section 728(b)(4) lists four categories of persons who may swear to a complaint of brutality against a law enforcement officer:

"[1]  the aggrieved person,

■  a member of the aggrieved person's immediate family, or ...

■  any person with firsthand knowledge obtained as a result of the presence at and observation of the alleged incident, or ...

■  the parent or guardian in the case of a minor child...."

(Indentation supplied).

It is the appellant's contention, however, that by specifying that "the complaint be duly sworn to by ... the parent or guardian in the case of a minor," the Legislature necessarily intended to preclude a minor from filing his own complaint. The appellant argues that it was the clear intent of the Legislature to protect law enforcement officers from the whims of minors. The appellant contends that such a construction is logically mandated by application of the "rules of construction" and a reading of the plain face of the statute.

The often-repeated, cardinal principle of statutory construction is that we must determine and effectuate the legislative intent. The legislative intent is determined pri-

marily from the language of the statute in its normal and ordinary signification. Where the language of the statute is clear and unambiguous, we will not look beyond that language to ascertain the legislative intent. Where, on the other hand, the language of the statute is unclear and ambiguous, we will seek other aids and look beyond the words of the statute to determine the legislative intent. *Police Commissioner of Baltimore City v. Dowling,* 281 Md. 412, 379 A.2d 1007 (1977); *Ryder Truck Lines v. Kennedy,* 296 Md. 528, 463 A.2d 850 (1983); *City of Baltimore v. Hackley,* 300 Md. 277, 477 A.2d 1174 (1984); *Jones v. State,* 304 Md. 216, 498 Md. 622 (1985).

The statute here in question, Art. 27, § 728(b)(4), connects the four categories of individuals who may swear to a brutality complaint with the conjunction "or." The word "or" is a disjunctive conjunction which serves to establish a relationship of contrast or opposition. *See The American Heritage Dictionary of the English Language* 378 (1969); *In re John R.,* 41 Md.App. 22, 394 A.2d 818 (1978). *Webster's Third New International Dictionary* (1969) defines the word "or" as "a function word [used] to indicate (1) an alternative between different or unlike things, states, or actions . . .; (2) choice between alternative things, states, or courses. . . ." The use of the word "or," taken in its plain and customary meaning, would indicate, therefore, that the Legislature intended to establish the four categories of persons who may file a brutality complaint as alternatives to each other. This is the construction of the statute given by the circuit court.

The appellant argues, however, that such a construction violates another rule of statutory construction: "Absent a clear indication to the contrary, a statute, if reasonably possible, is to be read so that no word, clause, sentence or phrase is rendered surplusage, superfluous, meaningless, or nugatory. . . ." *Police Commissioner of Baltimore City v. Dowling, supra,* 281 Md. at 419, 379 A.2d at 1011. The appellant's argument runs that a construction of the statute permitting a person fitting any of the four categories to

lodge a complaint would render the fourth category of complainants approved in the statute—"the parent or guardian in the case of a minor child"—superfluous, since such persons would also fall into the second category of approved complainants—"a member of the aggrieved person's immediate family." The appellant insists, therefore, that the final "or" should be considered in a conjunctive sense. The appellant's theory is a strained one. If, according to it, the fourth category—parent or guardian—cannot be read as establishing an alternative category of complainants because it would be superfluous with the second category—immediate family, then the fourth category must be read as a limitation upon the first category—the aggrieved person himself. We do not agree with the conclusion, because we do not accept its premises.

Our rejection of the premises is twofold. In the first place, we do not conclude that "parent or guardian," on the one hand, and "immediate family," on the other hand, are necessarily redundant. It is quite possible to be a member of an immediate family—husband, wife, son, daughter, brother, sister, grandparent, grandchild, etc.—without technically being either a parent or guardian. Conversely, one might easily be a guardian without being a member of the immediate family or even, in non-custodial situations, be a parent without being a member of the immediate family as "family," as a term of art, is sometimes used to denote "a living unit" or "a household."

The legislative history of § 728(b)(4), moreover, argues against the appellant's theory that the fourth category—parent or guardian—was added to the law in order to impose a restriction on the filing of complaints by aggrieved persons who happen to be minors. The original 1974 legislative act did not specify who might file a complaint. The original § 728(B)(4) simply provided, *inter alia*, that "No complaint ... shall be investigated unless the complaint be duly sworn to ..." By Chapter 366 of the Laws of Maryland of 1977, the LEOBR was broadly amended by certain provisions being altered and by certain language being

clarified. The vehicle of amendment was Senate Bill 1026. As originally submitted, S.B. 1026 amplified what became § 728(b)(4) by spelling out *three* (not the ultimate four) categories of eligible complainants. In shorthand form, they were:

■ the aggrieved person;

■ an eyewitness to the event; and

■ the parent or guardian in the case of a minor child.

When, therefore, the category "parent or guardian," now in issue, first entered the legislative process, it was not remotely superfluous or tautological. Among other possible utilities, it provided an avenue of complaint for an incapacitated minor, an infant of tender years, or a minor of intermediate age who might be either somehow incompetent or too intimidated to file a complaint directly. S.B. 1026 was, before final passage, amended to add what has now become the second category of eligible complainants—"a member of the aggrieved person's immediate family." Plausibly expanding the class of eligible complainants, this additional category could, at worst, be described as cautionary excess language. Even if its effect had been to reduce what is now the fourth category—parent or guardian—to surplusage (and we hold that that has not been the effect), it is nonetheless clear that the "parent or guardian" category was not remotely superfluous when it entered the legislative thought process and cannot, therefore, be read in a restrictive rather than an expansive sense. It is clear to us, beyond rational argument, that in providing four categories of eligible complainants, the legislative purpose was to cover all possibilities—broadly, expansively, and with anticipated overlapping. There is no remote suggestion that there had been any problem with the filing of complaints by minors that called for legislative remedy.

The statutory construction urged by the appellant would, moreover, work absurd results that clearly could not have been the legislative intent. A moment's reflection illustrates the absurdity of the interpretation being urged. Absent a "Good Samaritan" eyewitness eager to get involved,

an orphaned seventeen-year-old with no immediate family would have no avenue for bringing a complaint. Similarly bereft of any feasible means of redress would be the seventeen-year-old serviceman from Oregon temporarily stationed at Fort Meade. A seventeen-year-old war bride from Vietnam would be totally dependent upon her husband to file a complaint on her behalf. Incongruously, a seventeen-year-old mother, allegedly brutalized by a policeman along with her child, would be able, either as a parent or a member of the immediate family, to bring charges on behalf of her child but unable to bring charges on her own behalf. If a seventeen-year-old were attacked by a policeman in the presence of his twelve-year-old brother, he could not file his own complaint but his twelve-year-old brother could file a complaint for him. If an eighteen-year-old and a seventeen-year-old were simultaneously attacked, the one could complain; the other could not. If two seventeen-year-olds were simultaneously attacked, neither could complain directly; incongruously, however, they could reciprocally file vicarious complaints as witnesses to the attack upon the other. We hold that such absurd results were obviously not intended by the Legislature.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.