# MONTGOMERY COUNTY, MARYLAND *v.* IAN CORPORATION ET AL.

\* \* \*

# MONTGOMERY COUNTY, MARYLAND *v.* WILLIAM W. EDWARDS ET AL.

[No. 128, September Term, 1977.]

*Decided April 26, 1978.*

The cause was argued before SMITH, DIGGES, LEVINE, ELDRIDGE, ORTH and COLE, JJ.

Argued on motion to dismiss by *Robert J. Aumiller, Assistant Attorney General,* for Supervisor of Assessments for Montgomery County. *H. Christopher Malone, Assistant County Attorney,* with whom were *Richard S. McKernon, County Attorney,* and *Robert G. Tobin, Jr., Deputy County Attorney,* on the brief, for Montgomery County, Maryland, appellant.

*John Burgess Walsh, Jr.,* and *James L. Thompson,* with whom was *David E. Betts* on the brief, for appellees.

SMITH, J., delivered the opinion of the Court.

We shall here hold that a trial judge did not commit reversible error when he denied the motion of appellant, Montgomery County, Maryland (the County), to intervene in

two appeals from the Maryland Tax Court. The two cases were consolidated when they reached the Court of Special Appeals. We granted certiorari prior to consideration of the matter by that court.

Appellees William W. Edwards et al. (Edwards) appealed to the Circuit Court for Montgomery County alleging error on the part of the tax court in failing to grant their motions to dismiss appeals relative to land owned by them in Montgomery County. The Supervisor of Assessments for Montgomery County appealed to the Circuit Court for Montgomery County from a Maryland Tax Court decision involving the land of appellees Ian Corporation et al. (Ian), all of which land is located in the same general area. Through clerical error that order for appeal and the petition in connection with it were mailed to the tax court rather than to the Circuit Court for Montgomery County. Ultimately it was filed in the circuit court on December 6, which was not until after the expiration of the time for appeal. Ian moved in the circuit court to dismiss that appeal, which motion was overruled. The Edwards appeal also was filed in the circuit court on December 6. There is no contention with reference to the timeliness of that order for appeal.

On May 20, 1977, invoking the provisions of Maryland Rule 208, the County sought to intervene in the circuit court in the case involving the appeal of the supervisor. This was followed by a similar motion by the County on May 23 in the Edwards case. The County said it delayed filing the motions to intervene until after the jurisdictional issues were determined (whether the appeal of the supervisor should be dismissed). This was settled on March 23. Both motions to intervene were denied on June 10 in a consolidated proceeding. This is said to have been within about three weeks of the time the appeals were set for hearing. Judge Cahoon stated in denying the motions:

> "If I were to grant the motion to intervene I would have to permit time to file a petition and I would have to allow the other parties the time permitted under the Rules to respond to it. The scheduled trial on the

merits will have to be cancelled. I have no assurance, in fact, the argument by the County infers to the contrary, that they will assert different issues from the Appellants herein.

"I'm going to deny the motion to intervene as untimely. I will grant the County the leave to file an amicus curiae memorandum of points and authorities to be filed on or before four p.m. on the 24th of June."

Maryland Rule 208 states in pertinent part relative to intervention:

"a. *Of Right.*

"Upon timely application a person shall be permitted to intervene in an action: ... when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action ...."

Rule 5 a in defining "action" states, "Unless otherwise indicated the word 'action' shall include an appeal from the final decision of ... an administrative body where such appeal is authorized by statute." Rule 5 q defines the term "person" as including a "municipal or other corporation of any character whatsoever." Since the County is a "person" and an appeal from the tax court is an "action," it follows that the County is entitled to intervene if it shows (1) that its application is timely, (2) that "the representation of the [County's] interest by existing parties is or may be inadequate," *and* (3) that the County "is or may be bound by a judgment in the action ...." All three must be shown.

Under the Maryland scheme of things assessments of real estate are made by the supervisor of assessments in each county, a functionary of the State Department of Assessments and Taxation. *See* Maryland Code (1957, 1975 Repl. Vol., 1977 Cum. Supp.) Art. 81, §§ 231A-247A. The State raises but relatively little of its revenue by the tax on real estate, but a very substantial portion of the County's revenue is derived from such tax. The County asserted in the motion

to intervene that the issues involved a reduction of assessments of almost $2,000,000. We are not told the exact rate in Montgomery County in the year in question, but it is true that the tax rate in Maryland counties, varying somewhat from county to county, has run from 10 to 30 times that of the State rate per $100 of assessment.

Although the County has argued to us that its interest will not be adequately represented on appeal in the Circuit Court for Montgomery County by the Attorney General of Maryland, it will be noted, as Edwards and Ian point out, that the trial judge based his decision on the issue of timeliness. He observed in the colloquy with counsel at argument that the hearing in the circuit court was not a de novo appeal, but an appeal on the record. In fact, Code (1957, 1975 Repl. Vol., 1977 Cum. Supp.) Art. 81, § 229 (o) provides that in the case of such appeals "the circuit court for the county ... shall determine the matter upon the record made in the Maryland Tax Court," and it "shall affirm the Tax Court order if it is not erroneous as a matter of law and if it is supported by substantial evidence appearing in the record."

Maryland Rule 208 was derived from Fed. R. Civ. P. 24 as it formerly appeared.[1] Since there are no relevant Maryland cases on the subject, we examine what has been said relative to the federal rule. 2 W. Barron & A. Holtzoff, *Federal Practice and Procedure* § 602 (C. Wright rev. 1961) states:

> "In theory permissive intervention is discretionary with the court, but there is no discretion where intervention is as of right. Such a simple formulation overlooks the fact that intervention, whether of right or permissive, can only be had on a timely application. As has been seen, the question of timeliness requires a discretionary balancing of interests, and in this sense all intervention is discretionary. Nevertheless it is certainly true that

---

1. It should be noted, however, that under the federal scheme, Fed. R. Civ. P. 24 would not apply to appeals from administrative agencies. Intervention in such cases would be governed by Fed. R. App. P. 15(d), which reads in part: "A motion for leave to intervene or other notice of intervention authorized by an applicable statute shall be filed within 30 days of the date on which the petition for review is filed."

the scope of permissible discretion is broader where application is made under Rule 24(b) than when it is intervention as of right under Rule 24(a)." *Id.* at 398 (footnote omitted).

Confirmation for this statement comes from two cases decided after that text was written, *NAACP v. New York,* 413 U. S. 345, 93 S. Ct. 2591, 37 L.Ed.2d 648 (1973), and *Mack v. General Electric Company,* 63 F.R.D. 368 (E.D. Pa. 1974). In *Mack* the motion to intervene was filed approximately four and a half years after the commencement of the action and after the parties had submitted a proposed consent decree to the court for approval. Chief Judge Lord there observed in denying intervention:

> "Under F.R.Civ.P. 24, a motion to intervene must be timely, regardless of whether intervention is sought as of right [24(a)] or by permission [24(b)]. When the motion is advanced at such a late stage in the proceedings, the test for timeliness is whether the proposed intervenors knew or should have known of the pendency of the action at an earlier time, and should therefore have acted to protect their interests sooner, NAACP v. New York, 413 U.S. 345, 365-368, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973)." *Id.* at 369.

In *NAACP* the State of New York opposed the motion to intervene on a number of grounds, including timeliness. It pointed out that the suit had been pending for more than four months and an article about it had appeared in early February in the New York Times. Although the appellants did not deny that they had knowledge of the pendency of the action, their motion to intervene was not filed until April 7. Fed. R. Civ. P. 24 had been changed by the time of *NAACP* from the way it read when our Rule 208 was adopted. However, it still requires "timely application" to intervene. In *NAACP* the Court "conclude[d] that the District Court's denial of [NAACP's] motion to intervene was proper because of the motion's untimeliness, and that the denial was not an abuse

of the court's discretion . . . ." In a preamble to that determination, Mr. Justice Blackmun said for the Court:

> "Intervention in a federal court suit is governed by Fed. Rule Civ. Proc. 24. Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24 (a) and Rule 24 (b), that the application must be 'timely.' If it is untimely, intervention must be denied. Thus, the court where the action is pending must first be satisfied as to timeliness. Although the point to which the suit has progressed is one factor in the determination of timeliness, it is not solely dispositive. Timeliness is to be determined from all the circumstances. And it is to be determined by the court in the exercise of its sound discretion; unless that discretion is abused, the court's ruling will not be disturbed on review." 413 U.S. at 365-66 (footnotes omitted).

See also Annot., 37 A.L.R.2d 1306, § 4 [a] (1954), and the cases set forth in the later case service thereto. We adopt the test laid down by the Supreme Court in NAACP as the proper one to determine whether a motion to intervene has been timely filed. We likewise adopt the standard there enunciated for appellate review of a denial of the right to intervene.

Examining all of the circumstances of this case to determine whether the trial judge abused his discretion in denying the motions to intervene, we note that over five months elapsed between the time the appeals reached the circuit court and the time the County sought to intervene. By the time of the hearing in the circuit court the elapsed time was six months, with trial set in about three weeks. Even at that time counsel for the County said he had "read the petition of the State but [he had not] studied it . . . closely." Although he recognized that the hearing "would be on the record so [the County] would be bound by the record," he said he did not know and had not "been able to review it to any extent, whether the State ha[d] raised all of the issues in the case." It was the contention of the County that its attorney's office

has "very considerable expertise in the area of zoning and ha[s] developed expertise in these assessment cases." In denying the motion, the trial judge said:

> "I'm not convinced by the arguments made by the County that this would not necessarily result in a delay of these proceedings. The County is not sure at this time of what different issues it would raise on the petition of appeal here. It has had knowledge of this appeal since November. It by its own deliberate decision determined not to move to intervene until a jurisdictional issue was determined. That issue was determined on March 23rd. It was two months later that the County filed its motion to intervene. The reason for them deferring the motion to intervene as given to me was to await the decision on the jurisdictional issue. I don't think that if they had the abiding interests that they assert in connection with this case that they should have been so dilatory in making the motion.

> "It should be understood that in addition to the requirements of the Rules for the timely filing of memoranda on appeal, this Court imposed a requirement when it set the trial date several weeks ago that all supplemental memoranda would be available to the Court by yesterday afternoon. This is the process by which we've been proceeding."

Since the hearing on these appeals in the circuit court is required by law to be on the record, and since the trial judge granted leave to the County to file a brief amicus curiae, it follows that there are only two possible advantages the County could derive from being permitted to intervene that it does not have under the procedure adopted by the trial court: that of oral argument as of right and that of a right of appeal in the event it is dissatisfied with the decision in the circuit court. Under the facts and circumstances of this particular case we conclude that the trial judge did not abuse his discretion in denying the right to intervene.

Our conclusion relative to intervention does not end the controversy, however, because there is yet another issue before us. The appellees have moved to dismiss this appeal, seizing upon the late filing of the appeal of the Supervisor of Assessments with the circuit court. They "suggest that this Court lacks jurisdiction to review the matters before it because the Circuit Court for Montgomery County, Maryland lacks jurisdiction over the subject matter." We take no issue with their logic. However, they overlook the fact that there is no question about the circuit court's jurisdiction, and thus of our jurisdiction, in that half of the case which deals with the motion to intervene in the appeal of Edwards to the circuit court.

When a circuit court reviews a decision by the tax court, it is exercising original, not appellate, jurisdiction. *Shell Oil Co. v. Supervisor,* 276 Md. 36, 343 A. 2d 521 (1975). Since the circuit court is exercising original, not appellate, jurisdiction when it hears an administrative appeal, it follows that it acquires jurisdiction upon the filing with its clerk of the order for appeal, just as in the ordinary civil case it acquires jurisdiction over the subject matter by the filing of a declaration at law (Rule 140 a) or a bill or petition in equity (Rule 170). In other words, it is just another cause of action which the General Assembly has authorized filing in a circuit court as a court of general trial jurisdiction. Since the circuit court acquires jurisdiction upon the filing of the administrative appeal in it, it follows that if the trial court errs on a motion to dismiss an administrative appeal, the jurisdiction of an appellate court is in no wise affected. Therefore, any such error is not properly reached in the appellate court by a motion to dismiss. The opportunity of a disappointed litigant in that regard arises when a final judgment has been entered in the trial court. Under Rule 887 and its counterpart applicable to the Court of Special Appeals, Rule 1087, "on an appeal from a final judgment, every interlocutory order which has previously been entered in the action shall be open to review by this Court,unless an appeal has theretofore been taken from such interlocutory order and been decided on the merits by this Court." The order of the

468

trial court denying the motion to dismiss is an interlocutory order from which no appeal lies until after entry of a final judgment. Therefore, the motion to dismiss is denied.

*Order affirmed; appellant to pay the costs.*