483 A.2d 755
COUNTY COMMISSIONERS OF CARROLL COUNTY
v.
Dorothea A. GROSS.
No. 54, Sept. Term, 1984.
Court of Appeals of Maryland.
Nov. 21, 1984.

John C. Murphy, Baltimore, for appellant.

Charles E. Stoner, Westminster (William F. Brown, and Stoner, Preston & Boswell, Westminster, on brief), for appellee.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

SMITH, Judge.

We shall here hold that the Board of County Commissioners of Carroll County had a right to intervene in an appeal to the circuit court from the board of zoning appeals of that county. Accordingly, we shall reverse the judgment of the Court of Special Appeals.

Appellee, Dorothea A. Gross, applied to the Board of Zoning Appeals of Carroll County for a variance for the reduction of the minimum required rear yard of forty feet to about one foot. This was to allow the conversion of an existing building, formerly a church, to a single family dwelling. The Board denied the variance. She appealed to the Circuit Court for Carroll County.

The Board of County Commissioners of Carroll County filed a motion to intervene. The Board said its motion was filed pursuant to former Maryland Rule 208, which was

then applicable.[1]  The motion went on to say that its cause for intervention was:

1.  That this is an appeal from the Board of Zoning Appeals;

2.  That it is in the public interest that the Board of County Commissioners participate as a party in this appeal in order to uphold the decision of the Board of Zoning Appeals which is charged by law with deciding applications for variances pursuant to the Carroll County Zoning Ordinance;

3.  That Section 4.08 of Article 66B of the Annotated Code of Maryland authorizes the County Commissioners to participate in this action.

At oral argument in the circuit court the county commissioners said that Maryland Code (1957, 1983 Repl.Vol.) Art. 66B, § 4.08 "establishe[s] the right of the County Commissioners to participate in this action.  The aggrieved standard [applicable in some cases] does not apply to the Board or bureau of the jurisdiction."

Section 4.08 pertains to appeals to courts.  It states in pertinent part:

"Any person or persons, jointly or severally, aggrieved by any decision of the board of appeals, or by a zoning action by the local legislative body, or any taxpayer, or any officer, department, board, bureau of the jurisdiction, may appeal the same to the circuit court of the county."

No other party intervened in the case which was docketed showing the Carroll County Board of Zoning Appeals as appellee.  The request by the County was denied.  The Board of County Commissioners immediately appealed to the Court of Special Appeals.  It affirmed in an unreported opinion.  We issued a writ of certiorari in order that we might address the important public question here presented.

---

1.  Effective July 1, 1984, former Maryland Rule 208 pertaining to intervention was superseded by Rule 2–214.

We note preliminarily that denial of intervention claimed as of right under former Rule 208 a, applicable to this case, is appealable. *Citizens Coordinating Comm. v. TKU,* 276 Md. 705, 710, 351 A.2d 133 (1976). Former Rule 208 relative to intervention stated in pertinent part:

"a. *Of Right.*

"Upon timely application a person shall be permitted to intervene in an action: (a) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action . . . ."

Former Rule 5 a defined "action" as including "an appeal from the final decision of . . . an administrative body where such appeal is authorized by statute." The Carroll County Board of Zoning Appeals is an administrative body. As we have noted, Code (1957, 1983 Repl.Vol.) Art. 66B, § 4.08 authorizes appeals from boards of zoning appeals to the circuit court of the county. Former Rule 5 q defined "person" as including any "municipal or other corporation of any character whatsoever." Code (1957, 1981 Repl.Vol.) Art. 25, § 1 states that "[t]he county commissioners of each county in this State are declared to be a corporation . . . ." Moreover, this Court considers county commissioners to be municipal corporations. *Neuenschwander v. Wash. San. Com.,* 187 Md. 67, 74, 48 A.2d 593 (1946), and cases cited therein.

We dissected Rule 208 a in *Montgomery County v. Ian Corporation,* 282 Md. 459, 462, 385 A.2d 80, 82 (1978), stating, "[T]he County is entitled to intervene if it shows (1) that its application is timely, (2) that 'the representation of the [County's] interest by existing parties is or may be inadequate,' *and* (3) that the County 'is or may be bound by a judgment in the action. . . .' All three must be shown." (Emphasis in original.) There is no question here relative to the timeliness of the County's intervention.

In *Maryland Radiological v. Health Serv.,* 285 Md. 383, 402 A.2d 907 (1979), Judge Digges referred for the Court to

7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1909, at 524 (1972), and said:

"[T]hese authors suggest the obvious: If the potential newcomer's interest is not represented or advocated to any degree by an existing party, or if the existing parties all have interests that are adverse to those of the proposed intervenor, he is unrepresented and, assuming compliance with the other provisions of Rule 208 a, intervention should be permitted." 285 Md. at 390, 402 A.2d at 911–12.

It is obvious in the case at bar that the intervenor's interest "is not represented or advocated to any degree by an existing party." Thus, "the representation of the applicant's interest by existing parties is ... inadequate ...."

Gross relies upon *Zoning Appeals Board v. McKinney*, 174 Md. 551, 199 A. 540 (1938), and its progeny. In that case the Zoning Appeals Board of Baltimore City approved the issuance of a filling station permit. On appeal by a protestant the Baltimore City Court reversed the Board's approval. The Board appealed. This Court dismissed the appeal. Judge Offutt said for the Court:

"The Board is wholly a creature of statute, it has no powers, rights or duties save those conferred by statutes and such as are implicit in its granted powers, and its nature and character preclude the hypothesis that the Legislature intended that it should have the power to engage in litigation involving the legality or propriety of its decisions.

"Apart from legislative authority, it would seem clear that the Board has no more right to appeal from its own decisions to the Baltimore City Court, or, from the decisions of that court to the Court of Appeals, than a justice of the peace, or such an agency as the State Industrial Accident Commission, would have to appeal from judgments of a court reversing their decisions.

"Attention is called to *Baltimore v. Linthicum*, 170 Md. 245, 183 A. 531 [ (1936) ], where it is said an appeal taken by the Board of Zoning Appeals was not dismissed

but considered by this court. But that is not quite accurate. The appeal there was taken by the Mayor and City Council and the Board of Zoning Appeals. The Mayor and City Council was a party to that proceeding, it was authorized to appeal (Code Pub.Loc.Laws 1930, art. 4, secs. 62, 66), no motion was made to dismiss the appeal of the Board of Zoning Appeals, and in view of that fact that there was but one order to appeal from, such a motion would have been captious. Moreover, apart from statute, the general rule is that a municipality has the same right to appeal as any other litigant. 4 *C.J.S., Appeal and Error*, 386, sec. 205." 174 Md. at 562, 199 A. at 545.

The Court went on to explain:

"There are administrative boards and agencies, such as the State Tax Commission and the Public Service Commission, the functions of which are so identified with the execution of some definite public policy as the representative of the State, that their participation in litigation affecting their decisions is regarded by the Legislature as essential to the adequate protection of the State's interests. But in such cases it will be found that the Legislature in clear and unmistakable language has conferred upon them the right, and charged them with the duty, of taking a part in such litigation. Code, art. 23, secs. 404, 407, art. 81, sec. 253." 174 Md. at 561, 199 A. at 545.

*See also* Annot. 13 A.L.R.4th 1130 (1982), pertaining to standing of zoning boards to appeal reversals of their decisions.

A board of county commissioners does not stand in the same position as a zoning appeals board, however. The recent discussion by Judge Wilner for the Court of Special Appeals in *Bd. of Co. Comm'rs v. H. Manny Holtz, Inc.,* 60 Md.App. 133, 481 A.2d 513 (1984), is pertinent:

"It is clear, then, that, subject to existing State law and the authority of the General Assembly to enact new public general and public local laws, the board of county commissioners, in those counties which have one, func-

tions as the county government. It is the county body politic. In performing its various functions, it exercises legislative, quasi-legislative, executive, and quasi-judicial authority, sometimes in combination.

"To equate this unique body with an administrative zoning board whose jurisdiction and concern is carefully circumscribed would be both unrealistic and unnecessarily discriminatory. In other counties, where analogous zoning decisions are made by a special agency, the county government, which may be called upon to provide and fund new or expanded public services by reason of those decisions, clearly and necessarily has standing to challenge them, both in the circuit court and on further appeal. It would be anomalous, of course, for the county commissioners to be able to seek immediate judicial review of their own zoning decisions, and we do not suggest that they have any such authority. But, as the basic governing body of the county, they certainly have as much interest in the outcome of such review instigated by others as the governing body in a chartered county." 60 Md.App. at 143–44, 481 A.2d at 518–19.

The difference between a governing body or corporate entity such as a board of county commissioners and a board of zoning appeals was recognized but a short time after *McKinney* in *Mayor & C.C. of Balto. v. Shapiro,* 187 Md. 623, 51 A.2d 273 (1947), although that case did not involve a county. There the Mayor and City Council of Baltimore appealed to this Court the judgment of the Baltimore City Court which reversed the action of the Board of Zoning Appeals of Baltimore City. The City relied in that instance upon Code (1939) Art. 66B, § 7, which in words virtually identical to those in § 4.08, provided that "[a]ny person or persons jointly or severally aggrieved by any decision of the Board of Zoning Appeals, or any taxpayer, or any officer, department, board or bureau of the municipality, may present to a court of record a petition" for appeal. Judge Henderson said for the Court in that case:

"In the case of *Board of Zoning Appeals v. McKinney*, 174 Md. 551, 199 A. 540, 543, 117 A.L.R. 207, this Court held that the Board itself had no standing to appeal, since it was merely 'an administrative agency of the City of Baltimore exercising quasi judicial and legislative functions' and had 'no interest, personal or official, in the matters which came before it other than to decide them according to law and the proved fact.' But the City's right to appeal was clearly recognized, and there was no suggestion that this Court should inquire into the City's motives. Whether a particular case should be appealed in the first instance, or to this Court, must rest in the sound discretion of the City authorities. In the case at bar the City has raised questions of construction and procedure that transcend the limits of the particular controversy, and we cannot say that these questions are unimportant, or that the City has no legitimate interest in the subject matter or outcome of the litigation, even if such inquiry were open under the unqualified provisions of the statute. Nor do we regard the fact that private persons, denied the right to intervene for the purpose of appeal, have agreed to reimburse the City for costs, as controlling. The motion to dismiss must be overruled." 187 Md. at 627, 51 A.2d at 275.

In the later case of *Baltimore City v. Borinsky*, 239 Md. 611, 212 A.2d 508 (1965), the City appealed an order of the Baltimore City Court reversing the action of the Board of Municipal and Zoning Appeals of Baltimore City which denied the appellee's application to construct an office and warehouse building. The appellee moved to dismiss the City's appeal on the grounds that, although the order for appeal was entered on behalf of both the City and the Board, the appeal was in fact the appeal of the Board and that the City was not properly a party. Judge Oppenheimer said for the Court in denying the motion to dismiss the appeal:

"The City, however, is clearly a proper party in these proceedings. The zoning ordinance is an exercise of the

City's police power. *Grant v. City of Baltimore*, 212 Md. 301, 314, 129 A.2d 363 (1957); *Jack Lewis, Inc. v. Baltimore*, 164 Md. 146, 153, 164 A. 220 (1933); *Tighe v. Osborne*, 150 Md. 452, 456–57, 133 A. 465 (1926). The City has a legitimate interest in the effectuation of its policies.

  ✢  ❋  ⸪  ❡  ⸬  *

"If the City had not been joined as a party defendant, it would have had the right, on petition, in the court below, to be made a party because of its interest." 239 Md. at 616, 212 A.2d at 510–11.

Code (1957) Art. 66B, § 7(j), applicable to Baltimore City, was in the words we have previously quoted from Code (1939) Art. 66B, § 7. It was referred to in the course of the Court's opinion.

■ The final decision as to whether Gross should receive a variance will be made under a zoning ordinance enacted by the Board of County Commissioners pursuant to the authority granted by Code (1957, 1983 Repl.Vol.) Art. 66B, §§ 4.01–.08. The decision will be binding upon the Board. As we see it, the policy that a board of county commissioners should have the right to be heard in matters affecting the zoning of each individual county was made by the General Assembly when it adopted § 4.08 granting such boards the right to appeal. In this case had the Carroll County Board of Zoning Appeals approved the requested variance the county commissioners would have had the right under § 4.08 to appeal to the Circuit Court for Carroll County. The Board of County Commissioners has an interest in this litigation and it will be bound by any judgment. Thus, it was entitled under Rule 208 a to intervene as of right. We add that it would be an anomalous result, in light of the General Assembly's directive that a county can appeal a decision of a zoning appeals board, to hold that a county has no right to intervene in the appeal of another from such a decision. It follows, therefore, that the Court of Special Appeals and the trial judge both erred.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED AND CASE REMANDED TO THAT COURT FOR PASSAGE OF AN ORDER REVERSING THE JUDGMENT OF THE CIRCUIT COURT FOR CARROLL COUNTY AND REMANDING THE CASE TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; APPELLEE TO PAY THE COSTS.