## EMPLOYMENT SECURITY BOARD *v.* SPIKER
[No. 13, October Term, 1949.]

*Decided February 8, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Aaron A. Baer, Special Assistant Attorney General,* with whom was *Hall Hammond, Attorney General,* on the brief, for appellant.

No brief and no appearance for appellee.

COLLINS, J., delivered the opinion of the Court.

Henry Spiker, the appellee here, had been previously employed for a period of two years by the George's Creek Coal Company. Having been furloughed from that company in April, 1947, he filed a claim for benefits from May 3rd, 1947 to September 15, 1947, under the provisions of the Unemployment Compensation Act, Article

95A, 1947 Supplement of the Code. He received benefits at the rate of $25 each week, the total sum being $450. In October 1947 he obtained employment with the McNitt Coal Company. Subsequently an investigation was made of the unemployment payments by the Maryland Unemployment Compensation Board, hereinafter known as the Board. As a result of that investigation the Board found that the appellee had failed to disclose the fact that during the period when he received unemployment payments, he had received some earnings which he failed to disclose to the Board, but that this nondisclosure by the appellee was not due to fraudulent intent. Acting under what it deemed to be the authority conferred by Article 95A *supra,* section 16(d), the Board passed an order on March 10, 1948, requiring the appellee to repay the sum of $450 which he drew as unemployment compensation. From that order of the Board the appellee, acting under the supposed authority conferred by Article 95A *supra,* section 6(h), "Judicial Review," appealed to the Circuit Court for Allegany County. From an order of that Court dated February 1, 1949, reversing the order of the Board of March 10, 1948, the Board appeals here.

Article 95A, section 16(d), *supra,* "Penalties," provides as follows: "Any person who, by reason of the non-disclosure or misrepresentation by him or by another, of a material fact (irrespective of whether such non-disclosure or misrepresentation was known or fraudulent) has received any sum as benefits under this Article while any conditions for the receipt of benefits imposed by this Article were not fulfilled in his case, or while he was disqualified from receiving benefits, shall, in the discretion of the Board, either be liable to have such sum deducted from any future benefits payable to him under this Article or shall be liable to repay to the Board for the unemployment compensation fund, a sum equal to the amount so received by him, and such sum shall be collectible in the manner provided in section 14(f) of this Article for the collection of past-due contributions." By the provisions of this section it is plain that the only

authority conferred on the Board to collect the re-payment to the Board of the sum equal to the amount unlawfully received by a claimant, is to proceed under the provisions of Article 95A, section 14(f) *supra*, for collection. That section provides in part: "The Board may proceed in the collection of contributions in the manner prescribed by Sections 154 to 159, inclusive, of Article 81 of the Annotated Code of Maryland (1939 Edition)." The Board therefore had no authority to pass its formal order of March 10th requiring the appellee to repay the sum of $450. The only effect of that order is the determination of the Board to bring suit as provided in Article 95A section 14(f), *supra*.

Article 95A, section 6(h), *supra*, provides in part: "(Judicial Review). Within ten days after the decision of the Board has become final, any party aggrieved thereby may secure judicial review thereof by appeal to the Circuit Court of the County or the Superior Court of Baltimore City, as the case may be, in which appeal any other party to the proceeding before the Board shall be made a defendant." Plainly, this section for judicial review has no application to any determination made by the Board for the repayment of unemployment compensation under the authority of Article 95A, section 16(d), *supra*.

We will therefore reverse the order of the Circuit Court for Allegany County from which the appeal is taken and remand the case to that Court for the purpose of dismissing the appeal taken by the appellee. The order of the Board passed on March 10, 1948, will not be binding except as a determination by that Board to bring suit as provided in Article 95A, section 14(f), *supra*.

> *Order of the Circuit Court for Allegany County of February 1, 1949, reversed, and case remanded for further proceedings as herein set forth, with costs.*