Dear Honorable John L. Bohanan, Jr.
On behalf of the St. Mary's County Office of Law, you have requested our opinion on the application of Article XI-E, § 5 of the Maryland Constitution to St. Mary's County. Assistant Attorney General William R. Varga recently provided you with a letter of advice, which concluded that St. Mary's County is not a municipal corporation for purposes of Article XI-E of the Constitution. We have reviewed Mr. Varga's analysis and agree with his conclusion.
J. Joseph Curran, Jr. Attorney General
Robert N. McDonald Chief Counsel Opinions and Advice
Attachment
December 22, 2004
The Honorable John L. Bohanan House of Delegates
I am writing in response to your request for advice concerning the application of Article XI-E of the Maryland Constitution to St. Mary's County. Your request was in response to an inquiry from Heidi E. Dudderar, Assistant County Attorney, questioning the application of Article XI-E, § 5 of the Constitution[1] to the County and the County's ability to impose certain fees.
In her letter, Ms. Dudderar cited Article 25, § 1 of the Annotated Code of Maryland, declaring the county commissioners to be a corporation, and a number of Maryland court decisions recognizing the county commissioners as a municipal corporation. Ms. Dudderar is correct that the Board of County Commissioners is a municipal corporation for certain purposes. See, e.g., County Comm'rs of Carroll County v. Gross, 301 Md. 473, 476,483 A. 2d 755 (1984) (Court of Appeals considers county commissioners to be municipal corporations). That is to say, the Board of County Commissioners is a public corporation, an instrumentality of the State. Andy's Ice Cream, Inc. v. City of Salisbury,125 Md. App. 125, 155, 724 A. 2d 717 (1999) (internal cites omitted); see also Neuenschwander v. Washington Suburban Sanitary Comm'n,187 Md. 67, 74, 48 A.2d 593 (1946) (terms "municipal corporation" and "public corporation" synonymous). However, a county government is not a municipal corporation for purposes of Article XI-E, the constitutional amendment that granted home rule to Maryland's municipalities.
Article XI-E of the Constitution, proposed by the Legislature and ratified by voters in 1954, granted home rule to "all incorporated cities, towns, and villages in the State, except the City of Baltimore." Hitchins v. Mayor and City Council of Cumberland, 208 Md. 134,139, 117 A.2d 854 (1955).[2] Perhaps the best way to consider the scope of Article XI-E is to consider its historical development. The municipal home rule amendment resulted from a recommendation of the Commission on Administrative Organization of the State, frequently referred to as the "Sobeloff Commission." See Second Report: Local Legislation in Maryland (1952). The Commission's focus was on minimizing the burden on the Legislature in dealing with local legislation each session. The first recommendation in this report was as follows:
 A provision should be added to the Maryland Constitution prohibiting the enactment of local laws relating to municipal corporations, except for local laws establishing local property tax and debt limits. Such a Constitutional provision should authorize municipalities to amend their own charters or adopt new ones.
Id., p. 3. The Commission defined the term "municipalities" for purposes of its report: "[t]he term "municipalities" ... includes only areas which are specifically incorporated by law as cities and towns and which have authority to select officers to perform such municipal functions. Municipalities do not include counties or unincorporated areas sometimes identified as cities, towns, or villages, or legally established special tax areas, special districts, administrative areas, or special improvement districts." Id., p. 10 (emphasis supplied). The Sobeloff Commission dealt separately with the concern of local laws considered each session pertaining to county governments.[3] The Legislature adopted this recommendation, with minor amendments, leading to adoption of Article XI-E of the Constitution. See Chapter 53, Laws of Maryland 1954.
During the 1955 session, the Legislature adopted legislation for the implementation of Article XI-E. Chapter 423, Laws of Maryland 1955. That legislation added for purposes of the home rule subtitle of Article 23A a definition of municipal corporation:
 (a) As used in this subtitle the term "municipal corporation" shall include all cities, towns and villages, now or hereafter created under any general or special law of this State for general governmental purposes, which are subject to the provisions of Article XI-E of the Maryland Constitution, which possess legislative, administrative and police powers for the general exercise of municipal functions, and which carry on such functions through a set of elected and other officials. The term is not to include any special tax area or district, sanitary district, park or planning district, soil conversation district or other public agency exercising specific powers within a defined area but which does not exercise general municipal functions and the term is not to include the Mayor and City Council of Baltimore.... The General Assembly hereby finds, determines and declares that the term "municipal corporation" in Article XI-E of the Maryland Constitution does not embrace or include any such special tax area or district or the board, commission, authority or public corporation administering the same.
 (b) The term "municipal corporation" does not embrace or include the Washington Suburban Sanitary Commission, or the Washington Suburban Sanitary District under the jurisdiction of such Commission; the term "municipal corporation" does not embrace or include the Maryland-National Capital Park and Planning Commission, or the Maryland-Washington Metropolitan District or the Maryland-Washington Regional District under the jurisdiction of such Commission.
Article 23A, § 9(a) and (b). To be sure, the statutory definition does not explicitly exclude counties in the manner that other governmental entities are excluded. However, it is clear that Article XI-E of the Constitution was never intended to, nor has it ever been interpreted by the courts to, extend to boards of county commissioners.
In summary, the Board of County Commissioners of St. Mary's County is not a municipal corporation for purposes of Article XI-E of the Constitution.[4] Although not an opinion of the Attorney General, this letter does reflect my considered views on this matter.
William R. Varga Assistant Attorney General
[1] Article XI-E, § 5 of the Constitution provides in relevant part:
 No such municipal corporation shall levy any type of tax, license fee, franchise tax or fee which was not in effect in such municipal corporation on January 1, 1954, unless it shall receive the express authorization of the General Assembly for such purpose, by a general law which in its terms and its effect applies alike to all municipal corporations in one or more of the classes provided for in Section 2 of this Article.
[2] Baltimore City is governed as a charter county pursuant to Article XI-A of the Maryland Constitution.
[3] In recommendation 2 of its report, the Commission recommended a constitutional amendment that would have restricted the Legislature's ability to enact local laws for individuals counties and changes to Article XI-A of the Constitution to make charter home rule more workable. Second Report: Local Legislation in Maryland, p. 5-7. However, the Commission's second recommendation pertaining to counties was never adopted.
[4] Ms. Dudderar's letter focused on the application of Article XI-E, § 5 of the Constitution to St. Mary's County. She did not ask, and I have not reviewed, the current authority of the County Commissioners in connection with the regulatory fees that generated her inquiry. *Page 29