929 A.2d 185

**Robert J. DVORAK, et al.**

v.

**ANNE ARUNDEL COUNTY ETHICS COMMISSION.**

**No. 143, Sept. Term, 2006.**

Court of Appeals of Maryland.

July 31, 2007.

Phillip F. Scheibe, Millersville, for appellants/cross-appellees.

Betsy K. Dawson, Executive Director, Anne Arundel County Ethics Commission of Annapolis, Douglas Clark Hollman, Annapolis, on brief, for appellee/cross-appellant.

Argued before BELL, C.J., RAKER, CATHELL,* HARRELL, BATTAGLIA, GREENE and ALAN M. WILNER, (Retired, specially assigned), JJ.

BELL, C.J.

The genesis of this ethics proceeding was the filing, in the Circuit Court for Anne Arundel County, of *Cambridge Commons v. Anne Arundel County,* Case No. C–2001–69418–AA, a class action lawsuit alleging that, between 1988 and 1996, Anne Arundel County mishandled and unlawfully used the developmental impact fees it collected. Robert J. Dvorak and Phillip F. Scheibe, the appellants here, both former employees of Anne Arundel County, participated in the class action lawsuit on the side of the plaintiffs, against the County. Scheibe, a former two-time County Attorney,[1] the last time between 1994 and 1999, entered his appearance as counsel for

---

\* Cathell, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1. His initial stint as County Attorney was in 1967 and it lasted for three years.

the plaintiffs in 2002, although Greiber & Scheibe, the law firm in which he was a principal, had filed the action a year earlier. Dvorak, the Chief Administrative Officer of the County from 1994 to 1997,[2] was hired by Greiber & Scheibe in 2000 to examine the County public financial records in preparation for litigation and has continued his involvement in the case.

Based on their participation in the *Cambridge Commons* case, the County Executive of Anne Arundel County filed with the Anne Arundel County Ethics Commission, the appellee, a complaint against Dvorak and Scheibe. In that complaint, the County Executive alleged that the appellants, by virtue of that participation, had violated Article 9, § 5–105 of the Anne Arundel Code,[3] a provision of the Public Ethics Law prohibiting "former County employees from representing or assisting

---

**2.** Dvorak's employment with Anne Arundel County has spanned more than twenty three (23) years, albeit not consecutively. He retired from County service in 1984 and returned in 1990. Since then, other than Chief Administrative Officer, Dvorak has held the position of Chief of Staff to the County Executive, 1990–91, Director of the Department of Inspections and Permits, 1991–93, Acting Planning and Zoning Officer, a position he held concurrently, Director of the Department of Planning and Code Enforcement, which he held concurrently with his position as Chief Administrative Officer.

**3.** Section 5–105, "Representation by former employees," of the Anne Arundel County Code provides:

"(a) A former employee may not assist or represent a party other than the County in a case, contract, or other specific matter for compensation if the matter involves the County and:
"(1) The former employee participated significantly in the matter as an employee; or
"(2) The former employee had information not generally available to the public when the former employee undertook the assistance or representation.
"(b) On application, the Ethics Commission may waive the prohibition of this section if it determines that the County's interests will not be adversely affected by the assistance or representation and may attach the to the waiver any conditions that it determines are in the County's best interest."

As a result of Code revision, *see* Bill No. 82–05, eff. Nov. 9, 2005, this section was repealed and reenacted as § 7–5–105, which, other than adding captions to subsections (a) and (b), is identical. The Commission's findings were made when § 5–105 was in effect and thus refers to it; we shall do likewise.

a party in a matter, if the former employee had information not generally available to the public." After protracted and contentious preliminary proceedings, the Commission held a hearing on the complaint and ultimately issued its Findings of Fact and Conclusions of Law,[4] in which the Commission determined that the allegations were well-founded.[5] The appellants sought judicial review in the Circuit Court for Anne Arundel County.[6] The primary focus of their challenge to the Commission decision was, as it is on this appeal, that the Commission lacked jurisdiction over them.[7] After a hearing, the Circuit Court issued its Opinion and Order, affirming the decision of the Commission.

The appellants noted an appeal to the Court of Special Appeals. Subsequently, on November 2, 2006, the Commission filed in that court, pursuant to Maryland Rule 8–

---

**4.** The Commission also issued an "Order of Compliance," requiring the appellants to cease their involvement in the *Cambridge Commons* litigation. The Circuit Court granted the appellants' petition for stay, pending its decision.

**5.** The Commission findings were issued on March 13, 2006. A month later, on April 14, 2006, relying on those findings, the County moved in the *Cambridge Commons* case to disqualify the appellant Scheibe as counsel. The court dismissed that motion, the appellants concede, "primarily on the grounds of waiver." The estoppel or preclusive effect of that ruling on the Commission's jurisdiction over the appellants, nevertheless, was argued by the appellants, as they do on the merits of their appeal, as another basis for holding that the Commission did not have jurisdiction.

**6.** The appellants, in fact, filed a "Petition for Appeal."

**7.** As indicated, in the complaint lodged against them, the appellants were alleged to have violated § 5–105 of the Public Ethics Law. That section became effective on November 5, 2003, after both appellants had retired from County service. It replaced § 3–109 of the Public Ethics Law, which was in effect when the appellants were in County government and which was repealed. Noting this series of events, the appellants moved to dismiss the complaints, arguing that the Commission did not have jurisdiction over the matter. They maintained that they were subject only to the provisions of the repealed § 3–109, as § 5–105 does not reflect, by its terms, "an intent to retroactively apply the previous repealed provisions of former Article 9 § 3–109."

602(a)(1),[8] a motion to dismiss the appeal on the grounds that it "is not allowed by these rules or other law." The intermediate appellate court, by order of December 12, 2006, ordered that the "jurisdictional issue raised in the motion . . . be fully briefed and argued in due course," after which, on March 1, 2007, the Commission filed, in this Court, a Petition for Writ of Certiorari, which this Court granted. *Dvorak v. Ethics Comm'n*, 397 Md. 396, 918 A.2d 468 (2007).

 "Appellate jurisdiction, except as constitutionally authorized, is determined entirely by statute, and . . ., therefore, a right of appeal must be legislatively granted," *Gisriel v. Ocean City Bd. of Sup'rs of Elections*, 345 Md. 477, 485, 693 A.2d 757, 761 (1997), reconsideration denied, *cert. denied*, 522 U.S. 1053, 118 S.Ct. 702, 139 L.Ed.2d 645 (1998) (*citing Maryland–Nat'l v. Smith*, 333 Md. 3, 7, 633 A.2d 855, 857 (1993) (" 'The right to take an appeal is entirely statutory, and no person or agency may prosecute an appeal unless the right is given by statute,' " *quoting Subsequent Injury Fund v. Pack*, 250 Md. 306, 309, 242 A.2d 506 (1968))); *Howard County v. JJM, Inc.*, 301 Md. 256, 261, 482 A.2d 908, 910 (1984); *State v. Bailey*, 289 Md. 143, 147, 422 A.2d 1021, 1024 (1980); *Estep v. Estep*, 285 Md. 416, 422, 404 A.2d 1040, 1043 (1979); *Smith v. Taylor*, 285 Md. 143, 146, 400 A.2d 1130, 1132, (1979); *Criminal Inj. Comp. Bd. v. Gould*, 273 Md. 486, 500, 331 A.2d 55, 64 (1975); *see State v. Green*, 367 Md. 61, 76– 77, 785 A.2d 1275, 1284 (2001); *Prince George's County v. Beretta U.S.A. Corp.*, 358 Md. 166, 173, 747 A.2d 647, 651 (2000). In other words, an examination of the relevant Maryland Code provisions and the legislative enactments of the subject local governmental body is necessary to determine whether, in a given case, there is a right of appeal or judicial review from the final decision of an administrative body. *Id.*

---

**8.** Maryland Rule 8–602, entitled "Dismissal By Court," provides, as relevant:

"(a) Grounds. On motion or on its own initiative, the Court may dismiss an appeal for any of the following reasons:

"(1) the appeal is not allowed by these rules or other law;"

The right to appellate review, prescribed by the Maryland Code, is delineated in Maryland Code (1957, 2006 Repl.Vol.), §§ 12–301 and 12–302 of the Courts and Judicial Proceedings Article. Indeed, in *Green*, after noting that, "except as may be constitutionally authorized, the right of appeal is entirely dependent upon statutes," 367 Md. at 76, 785 A.2d at 1284, we held that the appeals statutes represent the entire subject matter of the law of appellate review and, as such, abrogate the common law on the subject. *Id.* at 77–78, 785 A.2d at 1284.

Section 12–301 provides:

*"Right of appeal from final judgments-Generally.*

"Except as provided in § 12–302 of this subtitle, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended. In a civil case a plaintiff who has accepted a remittitur may cross-appeal from the final judgment."

Although refined in the second sentence by identifying the exercises of jurisdiction to which a final judgment must relate, this grant of the right of appeal is quite broad and general.

This broad grant of the right to appeal, we have held, is limited significantly by § 12–302. It provides, as relevant to the case *sub judice:* [9]

---

[9] In addition to this circumstance, § 12–302 limits appeals in contempt cases, see § 12–302(b), limits criminal appeals by the State, *see* § 12–302(c), limits appeals from decisions of the circuit courts sitting in ban c, pursuant to Article IV § 22 of the Constitution, *see* § 12–302(d), limits appeals following a plea of guilty in a circuit court, *see* § 12–302(e), limits appeals from orders of a sentence review panel of a circuit court, under Title 8 of the Criminal Procedure Article, *see* § 12–302(f), and limits appeals from an order of a circuit court revoking probation, *see* § 12–302(g). *See also Pack Shack, Inc. v. Howard County,* 371 Md. 243, 250, 808 A.2d 795, 799 (2002).

"(a) Unless a right of appeal is expressly granted by law, § 12–301 does not permit an appeal from a final judgment of a court entered or made in the exercise of appellate jurisdiction in reviewing the decision of the District Court, an administrative agency, or a local legislative body."

That limitation relates to the nature of the Circuit Court's exercise of jurisdiction in the review of District Court, administrative agency and local legislative body decisions. In describing the proscribed exercise, the statute uses the term, "appellate jurisdiction."

 In this case, the Circuit Court was asked to, and did, engage in the judicial review, at the behest of the appellants, of the final order of the Commission. It did so pursuant to a provision of the Public Ethics Law, § 7–4–105 of the Anne Arundel County Code,[10] which prescribed that right of review to a party aggrieved by such an order of the Commission. It is well-settled that "whenever a circuit court directly reviews the action, or inaction, of any administrative agency, governmental body, or official in the executive or legislative branches of government, including local government, the court is exercising original jurisdiction and not appellate jurisdiction." *Gisriel*, 345 Md. at 491–92, 693 A.2d at 764, *citing Shell Oil Co. v. Supervisor*, 276 Md. 36, 43, 343 A.2d 521, 525 (1975) ("[T]he exercise of appellate jurisdiction requires a prior action by some judicial authority, or the prior exercise of *judicial* power. . . . [R]eview of the decisions of an administrative agency is an exercise of original jurisdiction and not of appel-

---

**10.** Section 7–4–105 of the Anne Arundel County Code, as relevant, provides:

"If the respondent is aggrieved by a final order of the Ethics Commission, the respondent may seek judicial review by filing a petition for judicial review as provided in Title 7, Chapter 200, of the Maryland rules."

Title 7, Chapter 200 of the Maryland Rules "govern[s] actions for judicial review of . . . an order or action of an administrative agency, where judicial review is authorized by statute, and (2) a final determination of the trustees of the Client Protection Fund of the Bar of Maryland." In *Urbana Civic Ass'n, Inc. v. Urbana Mobile Village, Inc.*, 260 Md. 458, 462–463, 272 A.2d 628, 631 (1971), we made clear that the Maryland Rules do not grant a right of appeal.

late jurisdiction"); *Medical Waste v. Maryland Waste,* 327 Md. 596, 604–605 n. 5, 612 A.2d 241, 245 n. 5 (1992); *In re Petition for Writ of Prohibition,* 312 Md. 280, 294, 539 A.2d 664, 671 (1988); *Montgomery Co. v. Ian Corp.,* 282 Md. 459, 467, 385 A.2d 80, 84 (1978). Indeed, we noted that, "[i]n a technical, constitutional meaning of the term, a circuit court *never* exercises 'appellate jurisdiction' when it directly reviews the decision of an administrative agency or a local government body." *Id.* Nevertheless, in *Gisriel,* we held that:

"when a circuit court proceeding in substance constitutes ordinary judicial review of an adjudicatory decision by an administrative agency or local legislative body, pursuant to a statute, ordinance, or charter provision, and the circuit court renders a final judgment within its jurisdiction, § 12–302(a) is applicable, and an appeal to the Court of Special Appeals is not authorized by § 12–301."

345 Md. at 496, 693 A.2d at 766–67, *citing Prince George's County v. American Federation of State, County and Municipal Emp., Council 67,* 289 Md. 388, 397–400, 424 A.2d 770, 774–76 (1981).

To justify that holding, we reviewed the history of the first general appeals statute, Ch. 87 of the Acts of 1785, § 6, granting the "full power and right to appeal" to "any party or parties aggrieved by any judgment or determination of any county court in any civil suit or action, or any prosecution . . ." and similarly broadly worded subsequent general appeals statutes, noting that this Court did not construe them as permitting the appeal of a county court's, or later, a circuit court's, exercise of a special limited statutory jurisdiction rather than its ordinary common law-type jurisdiction: "When a county court or a circuit court was exercising a special limited statutory jurisdiction, and not a common law-type of jurisdiction, this Court regularly held that the general appeals statutes did not authorize an appeal, and that an appeal could be taken only if authorized by a specific statute relating to the particular type of statutory jurisdiction being exercised." *Gisriel,* 345 Md. at 487, 693 A.2d at 762, and cases therein cited. We also reviewed the history of § 12–302(a) and concluded

that it was "a partial codification of the principle that the general appeals statute does not authorize an appeal from a circuit court's judgment when that court is exercising a special limited statutory jurisdiction as opposed to a more traditional common law-type of jurisdiction." *Id.* We cited *Urbana Civic v. Urbana Mobile,* 260 Md. 458, 460–461, 272 A.2d 628, 630 (1971); *Bd. of Med. Examiners v. Steward,* 203 Md. 574, 580–581, 102 A.2d 248, 251 (1954); and *Johnson v. Board of Zoning Appeals,* 196 Md. 400, 406–407, 76 A.2d 736, 738 (1950) as examples of cases in which the statutory judicial review actions were clearly original actions under the teaching of *Shell Oil Co. v. Supervisor, supra,* 276 Md. at 43–47, 343 A.2d at 525–527, demonstrating that § 12–302(a) was intended to embody the holdings in those, and similar, cases. *Gisriel,* 345 Md. at 493, 693 A.2d at 765. We concluded, therefore,

"A broader construction of the phrase 'appellate jurisdiction' in § 12–302(a), so as to include ordinary statutory judicial review of adjudicatory decisions by administrative agencies and local legislative bodies, would be in accord with the history of § 12–302(a) and with the normal usage of the language when § 12–302(a) was enacted.[11]"

*Id.* at 493, 693 A.2d at 765.

In *Gisriel,* a section of the Ocean City Charter [12] granted a right to appeal actions or decisions of the Board of Supervi-

---

**11.** As to the usage point, the Court explained that: "[p]rior to the opinion in the *Shell Oil* case, and at the time § 12–302(a) was enacted, statutory circuit court actions for judicial review of decisions by administrative agencies or local legislative bodies were regularly called 'appeals' and treated as if they fell within the appellate jurisdiction of the circuit courts," *Gisriel v. Ocean City Bd. of Sup'rs of Elections,* 345 Md. 477, 493, 693 A.2d 757, 765 (1997), and cases therein cited, "[t]he index to volume 273 of the Maryland Reports, 273 Md. at 744, as well as the indices to numerous earlier and later volumes, list actions for judicial review of administrative decisions under the topic 'appeals,'" *id.* at 494 n. 14, 693 A.2d at 766 n. 14, and opinions of the Court, after *Shell,* including some by the author of *Shell,* "improperly referred to such actions as 'appeals.'" *Id.* at 494 n. 15, 693 A.2d at 766 n. 15.

**12.** Section C–505 of the Ocean City Charter provided:

sors of Elections to the City Council; in the event of aggrieve-
ment by the City Council's decision, it provided for judicial
review in the Circuit Court. Neither that provision, nor any
other Charter provision or any Ocean City ordinance author-
ized an appeal to the Court of Special Appeals. 345 Md. at
486, 693 A.2d at 761. For that reason, the Council's decision
was not appealable pursuant to § 12–301. It was appealable,
however, for another reason: because, in substance, it "was a
traditional common law mandamus action, and the circuit
court's judgment in substance resembled the type of order
rendered in a mandamus proceeding." *Id.* at 497, 693 A.2d at
767.

*Beretta* is to like effect. There, Beretta appealed an ad-
verse decision, rendered by the Circuit Court for Prince
George's County upon judicial review of a decision of the
Prince George's County Human Relations Commission, to the
Court of Special Appeals in order to challenge the County's
power, as a charter county, to enact a statute which authorizes
a county administrative agency, upon a finding of employment
discrimination, in addition to other relief, to award money
damages for humiliation and embarrassment up to $100,000.00.
358 Md. at 167, 747 A.2d at 647–48. A provision of the Prince
George's County Code [13] authorized, albeit phrased in terms of
an "appeal," an action for judicial review of the decision of the
Prince George's County Human Relations Commission in the
Circuit Court for Prince George's County. No provision of
Prince George's County law, however, authorized, in this type
of case, an appeal from the Circuit Court to the Court of
Special Appeals. 358 Md. at 174, 747 A.2d at 651. The

---

"If any person shall feel aggrieved by the action of the board of
supervisors of elections in refusing to register or in striking off the
name of any person or by any other action, such person may appeal
to the Council. Any decision or action of the Council upon such
appeals may be appealed to the Circuit Court for the county within
thirty (30) days of the decision or action of the Council."

13. §§ 2–197(c) of the Prince George's County Code provides that "[a]ny
party aggrieved by a final decision by the Commission is entitled to file
an appeal pursuant to Subtitle B of the Maryland Rules of Procedure."

intermediate appellate court, entertained the appeal, holding that "if Beretta could have litigated an issue in any type of lawsuit between the parties other than an action for judicial review, such as a declaratory judgment action, then, as to such issue, the present case in substance should be treated as a declaratory judgment action and not a judicial review proceeding within the meaning of § 12–302(a) of the Courts and Judicial Proceedings Article." 358 Md. at 177, 747 A.2d at 653. This Court granted certiorari to address the jurisdiction issue, and reversed. *Prince George's County v. Beretta*, 351 Md. 285, 718 A.2d 233 (1998).

After reviewing the teachings of *Gisriel*, we concluded:

"The cases involving the non-appealability doctrine discussed in *Gisriel* disclose that, as long as a circuit court is acting within its special statutory jurisdiction, the limitation upon the right to appeal is applicable regardless of the issues being raised."

358 Md. at 180, 747 A.2d at 654. We had earlier observed:

"The Circuit Court in this case, pursuant to a locally enacted statute, was engaged in ordinary judicial review of a final adjudicatory decision by an administrative agency. The court applied the normal criteria applicable under Maryland law for judicial review of adjudicatory administrative decisions and affirmed the agency's decision.... Since no state or local statute or charter provision expressly granted a right of appeal from the Circuit Court's judgment, § 12–302(a) would clearly seem to preclude an appeal to the Court of Special Appeals."

358 Md. at 175–76, 747 A.2d at 652 (footnote omitted).

A persistent theme raised by the appellants is the nature of the issues that they have with the Commission's decision. The appellants believe it significant that the basis for their judicial review action was that the Commission lacked jurisdiction over them, to consider the County's complaint. They also emphasize that another basis for their seeking judicial review was "for purposes of determining the effect of [the trial judge's] Opinion and Order of June 5, 2006, denying the

County's Motion to Disqualify Counsel in the *Cambridge Commons v. Anne Arundel County[,* Case No. C–2001–69418–AA,] as it related to the Commission's Findings of Fact and Conclusions of Law of March 13, 2006."

The appellants' arguments are to no avail and, indeed, were addressed in *Beretta,* when the Court rejected the rationale offered by the Court of Special Appeals for entertaining the appeal in that case, pointing out:

"The Court of Special Appeals' position is not supported by the *Gisriel* opinion and is inconsistent with numerous decisions by this Court. Section 12–302(a) does not relate to what issues may be considered on appeal and what issues may not be considered. Rather, the language of the statute, and the case law on which the statute was based, preclude any appeal to the Court of Special Appeals in a particular type of case."

358 Md. at 177, 747 A.2d at 653.

The appellants correctly identify a jurisdictional challenge as an exception to the limitation on appealability prescribed by § 12–302(a), but the jurisdiction that must be in question is the jurisdiction of the Circuit Court, not the administrative agency whose decision is being reviewed. As the *Beretta* Court explained:

"Except for a question of jurisdiction, the doctrine is a limitation upon the right to appeal and not upon the issues cognizable on appeal. Appeals have been precluded in cases involving legal issues, constitutional issues, issues concerning procedural irregularity, and issues about the lawful composition of an administrative agency. Thus, in a case involving circuit court judicial review of a local administrative agency, this Court, in dismissing the appeal, stated (*Johnson v. Board of Zoning Appeals,* 196 Md. 400, 412, 76 A.2d 736, 741 (1950)):

'The question here is: Were the things complained of and decided by the Court below things which the Court had jurisdiction to decide? If the Court had the power to decide what it did decide, then its decision, whether right

or wrong in point of law or fact, cannot be reviewed, because the power to review such a judgment has not been conferred by the Legislature upon the Court of Appeals. *New York Mining Co. v. Midland Mining Co.*, 99 Md. 506, 512, 58 A. 217[, 220 (1904) ]; *Hendrick v. State*, 115 Md. 552, 560, 81 A. 18, 21 (1911).' "

358 Md. at 180, 747 A.2d at 654–55.

This point was made with even greater clarity in *Prince George's County v. American Federation of State, County and Municipal Emp., Council 67*, 289 Md. 388, 398–99, 424 A.2d 770, 775 (1981). There, we said:

"Despite the absence of a statute conferring the right to appeal, a limited review by way of appeal may nevertheless be premised upon an exception to § 12–302(a)'s prohibition. The County invokes that exception. It has long been recognized that if a circuit court acts in the exercise of a special judicial review jurisdiction, from which no right of appeal is conferred, appellate review is available to determine whether the circuit court acted without having lawfully acquired jurisdiction or whether it exceeded the authority conferred upon it." *E.g., Urbana Civic Ass'n v. Urbana Mobile Village, Inc.*, 260 Md. 458, 272 A.2d 628 (1971); *Johnson v. Bd. of Zoning Appeals*, 196 Md. 400, 76 A.2d 736 (1950); *Employment Security Bd. v. Spiker*, 194 Md. 351, 71 A.2d 299 (1950); *Lambros v. Brown*, 184 Md. 350, 41 A.2d 78 (1945); *Stephens v. Mayor and Council of Crisfield*, 122 Md. 190, 89 A. 429 (1914); *Hough v. Kelsey*, 19 Md. 451 (1863); *Abbott v. Administrative Hearing Bd.*, 33 Md.App. 681, 366 A.2d 756 (1976), *cert. denied*, 280 Md. 727 (1977). 2 J. Poe, Pleading and Practice § 826, at 798 (5th ed.1925). The review sanctioned by this exception confers authority to consider

"not whether the trial Court rightly decided but whether it had the right to decide, what it did decide. If it had the right to decide what it did decide then, though its decision be, in point of fact or of law, erroneous it cannot be reviewed, because the statute has conferred no power upon [the appellate court] to sit in review of such a

judgment. So the ultimate question is, were the things complained of and decided below, things which the [circuit] Court had jurisdiction to decide. [*N.Y. Mining Co. v. Midland Mining Co.,* 99 Md. 506, 512, 58 A. 217, 220 (1904).]"

There being no provision of Anne Arundel County law that confers a right of appeal to the Court of Special Appeals in this kind of case and the appellants having failed to raise any question concerning the Circuit Court's jurisdiction to "sit in review of such a judgment," in *Prince George's County v. American Federation of State, County and Municipal Emp., Council 67, supra,* at 399, 424 A.2d at 775, the Commission's motion to dismiss the appeal is granted.

APPEAL DISMISSED, WITH COSTS.